[Crim. No. 1134.   Department One.—June 3, 1904.]

## THE PEOPLE, Respondent, v. FRANK METZGER, Appellant.

CRIMINAL LAW—ROBBERY — EVIDENCE — CROSS-EXAMINATION — MISCONDUCT OF DISTRICT ATTORNEY.—Upon the trial of a defendant charged with robbery, where a witness for the defendant charged with the same offense had testified that a witness for the prosecution "knows that he is perjuring himself against an innocent man," it was not misconduct for the district attorney to interrogate the witness, "Just like you are doing now?" to which the witness responded, "Just like I am doing now."

ID.— MISCONDUCT OF DEPUTY SHERIFF — HANDCUFFING OF WITNESS IN PRESENCE OF JURY—CHARGE OF COURT—DEFENDANT NOT PREJUDICED. —Where the witness was a prisoner in the county jail, it was not misconduct on the part of the deputy sheriff to handcuff him immediately after the adjournment of the court; and it must be presumed, in the absence of evidence to the contrary, that the officer was justified in taking such precautions to prevent an escape.   Where the handcuffing was done in the presence of the jury, and the court charged them that they must not take that fact into consideration in determining their verdict, the defendant had not the right to ask for more than this, and was not unduly prejudiced by the proceeding.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

John M. York, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

SHAW, J.—The defendant appeals from a judgment of conviction of robbery and from an order denying his motion for a new trial.

The two points urged for a reversal are misconduct of the district attorney and misconduct of a deputy sheriff in charge of one James Burke, a witness for the defendant.

On the cross-examination of the witness Burke, he said, referring to one Dorr, another witness: "Dorr knows he is

perjuring himself against an innocent man.'' Question (by district attorney). ''Just like you are doing now?''—Answer. ''Just like I am doing now.'' It is claimed that this was misconduct on the part of the district attorney. The witness Burke had testified to many facts going to show the innocence of the defendant, and Dorr was an eye-witness to the robbery, who had identified the defendant as one of the persons who committed the crime charged. The cross-examination complained of, as will be observed, elicited from the witness an admission that the testimony he had given was false. It was therefore proper and pertinent cross-examination, and not misconduct, regardless of what might be said of its courtesy to the witness, or of the right of the witness to refuse to answer the question.

The misconduct of the deputy sheriff consisted of putting handcuffs on the witness Burke immediately after the court had announced the adjournment of the trial until the next day, and before the jury had retired from the jury-box. The witness was a prisoner in the county jail charged as a party to the same crime as the defendant. It was the duty of the deputy to handcuff the witness if he had any fear of an attempt to escape on the way from the courtroom to the jail. In the absence of any showing to the contrary, conceding that such a showing could have been made under any circumstances, it must be presumed that the officer was justified in taking such precautions to prevent an escape. As to the act of putting on the manacles in the presence of the jury, the court cautioned the jury that they must not take the fact into consideration in determining their verdict. We do not see that the defendant had the right to ask more than this, nor that he was unduly prejudiced by the proceeding. When a witness is brought from the jail to testify it is usually impossible to conceal the fact from the jury. There is no rule of law which requires the officer or the court to conceal the fact. Some prejudice to his credibility is likely to be caused thereby, but it cannot be assigned as sufficient error to require a reversal where the disclosure is made incidentally in the necessary course of the proceedings. Whether or not, if it were purposely called to the attention of the jury by the officer, it would be reversible error, is a question not necessary to decide. There is nothing to show that the officer was not

acting in perfect good faith in the endeavor to discharge what he conceived to be his duty. In many cases it is proper, and it is often necessary as a precaution, to manacle a prisoner to secure his safe conduct and guard against an escape while on the way from the jail to the courtroom. An improper motive will therefore not be inferred or presumed from the mere fact that it is done.

We have discussed the questions on the merits, but we might say in addition that no exception or objection was made at the time with respect to either point in the court below.

The judgment is affirmed.

Van Dyke, concurred.

ANGELLOTTI, J., concurring.—I concur in the judgment and in what is said in the opinion in regard to the alleged misconduct of the district attorney. So far as the charge of misconduct of the deputy sheriff is concerned, it is unnecessary to go further than to hold that this defendant could not have been prejudiced thereby. The only injurious result that could have been caused by the act of the deputy in placing the handcuffs on defendant's witness Burke in the presence of the jury was the disclosure of the fact that such witness was in the custody of the officers of the law. As such witness had just testified on the trial, in the presence of this jury, that he was one of the defendants charged with the crime for which defendant was on trial, and that he and another had in fact planned and committed that crime, and, further, that he had committed perjury in the making of an affidavit in the cause, it is somewhat difficult to perceive how the disclosure of the fact that this self-confessed robber and perjurer had been arrested could further impair his standing with the jurors.