[Crim. No. 4534. First Dist., Div. One. Dec. 29, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH SUTTON, Defendant and Appellant.

512

Norman Tilbury, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Robert R. Granucci and James Murad, Deputy Attorneys General, for Plaintiff and Respondent.

BRAY, J.†—Defendant appeals from judgment of conviction after jury verdict, of violation of section 211, Penal Code (armed robbery).

### SOLE QUESTION PRESENTED

Should the trial court, of its own motion, have instructed the jury to disregard the fact of the incarceration of defendant's alibi witness?

### RECORD

Defendant was charged with three counts of armed robbery. Count 1, the robbery of the Esquire Bar on March 24, 1963;

---

†Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Count 2, the robbery of the adjoining liquor store the same evening; and Count 3, the robbery of Moore's Pharmacy on April 1, 1963.[1] The jury found defendant not guilty under Counts 1 and 2 but guilty under Count 3. Defendant appeals from that conviction contending only that the court should have given, *sua sponte*, an instruction as hereinafter set forth.

## THE EVIDENCE

In view of defendant's acquittal under Counts 1 and 2, the evidence adduced concerning those counts need not be detailed. The defense under each of those counts, other than defendant's denial that he participated in the robberies, as he denied under Count 3, was an alibi. To establish his alibi on the first two counts, the defense called two confessed felons, who admitted participating in the respective robberies, but said that their third accomplice was one other than defendant. On cross-examination in impeachment of these witnesses, the prosecution brought out the fact that both of these witnesses had been convicted of felonies and were presently in prison. A Mrs. Betty Kirk testified that at the time of the two robberies defendant was with her. The jury acquitted defendant of the robberies charged in those two counts.

The evidence under the third count follows: At approximately 5 p. m. on April 1, 1963, Donald S. Moore, the proprietor of Moore's Pharmacy, 11275 San Pablo Avenue, El Cerrito, California, was discussing an order for Playtex rubber goods with a salesman, Richard Tuttle, when defendant and another man came into the store. Also in the store at this time were Mr. Moore's two clerks, Helen Prien and Dorothy Kinzel. Defendant walked up to Mrs. Kinzel and discussed the purchase of a pair of sun glasses. The other man walked around the store and then stepped behind the counter where the cash register was located. Defendant and the other man thereupon drew pistols and stated, "This is a holdup. . . ."

During the robbery Sutton and his companion obtained cash and narcotics. Defendant was identified as a participant in the robbery by Mr. Moore, Mr. Tuttle, Mrs. Kinzel and Mrs. Prien, who were the four persons in Moore's Pharmacy during the robbery.

---

[1]Listed as Count 5 in the information but charged as the third count at the trial.

Jimmie Derrall Shelton testified as an alibi witness for appellant. It was Mr. Shelton's testimony that between the hours of 4 and 6 p. m. on April 1, 1963, defendant Sutton was with him. Shelton testified to meeting Sutton at approximately 4 o'clock at the Doggie Diner in Richmond, California, and thereafter the two had driven out MacDonald near 23rd and were together until 6 p. m.

■ On cross-examination of Shelton who had testified that defendant was with him at the time of the robbery, the prosecutor asked him, without objection, "[W]here are you presently staying?" He replied, "I am out at the County Farm right now." No further questions were asked him concerning his incarceration there. The question should not have been asked. Questions as this one apparently was, asked solely to bring before the jury the fact that a witness who has not been convicted of a felony is residing in a jail, are highly improper. A deputy district attorney should know better than to ask it. However, as no objection was made to it, no motion to strike and no request for an admonition to the jury concerning it, and as defendant's guilt was clearly shown, the question and answer cannot be considered prejudicial. Nothing was said that would indicate to the jury that this witness was or was not a felon. The customary general instruction concerning impeachment by evidence of the commission of a felony was given. Felony was not defined. This would apply to the two felon alibi witnesses under the first two counts, and to defendant himself on all counts.[2]

### No Error in Failure to Give Instruction

Defendant contends that the trial court erred prejudicially in not instructing the jury, *sua sponte,* that a felony is a particular degree of crime and was not to be presumed from mere incarceration. Defendant offered no instructions on the subject. Defendant urges that there was a need for such an instruction because two of the alibi witnesses were impeached as felons and were residing in prison. Shelton, who was not a felon, was shown to be residing at the County Farm. Defendant contends that it was left to the jury to speculate as to whether Shelton's incarceration indicated that he also was a felon.

■ It is an elementary rule that a witness' credibility cannot be impeached for either misdemeanor convictions or arrest. (*People* v. *Kennedy* (1962) 200 Cal.App.2d 814, 819

---

[2]Defendant was then on parole for armed robbery.

[19 Cal.Rptr. 683].) Nothing in the record shows exactly what the witness Shelton was incarcerated for.

Defendant relies on the case of *People* v. *Metzger* (1904) 143 Cal. 447 [77 P. 155]. In that case a defense witness was manacled by a deputy sheriff immediately after adjournment but in full view of the jury. The trial judge gave a cautionary instruction in regard to the fact that the jury should not be influenced in their decision by the fact that the witness was in custody. The reviewing court's opinion does not disclose whether or not the instruction was given on the court's own motion. The case was appealed on the theory that allowing the jury to see the witness handcuffed was prejudicial error because it unduly discredited him as a witness. The appellate court affirmed the decision pointing out the fact that the trial court cautioned the jury that they must not take the fact of handcuffing into consideration in determining their verdict. Defendant argues that the fact that in *Metzger* a cautionary instruction was given indicates that the court in the instant case should have given a cautionary instruction. This is a *non sequitur*.

■ " 'Cautionary instructions,' relating to certain kinds of evidence and witnesses, are given where necessary to protect the defendant against mistake or unwise action by the jury." (Witkin, Criminal Procedure (1963) § 485, p. 492.)

■ Certain cautionary instructions which are to be given in both criminal and civil cases are set forth in Code of Civil Procedure, section 2061. The type of cautionary instruction argued on this appeal is not listed in Code of Civil Procedure, section 2061. However, the duty of the court to give cautionary instructions is not limited to the matters set forth in that section. ■ As said in *People* v. *Baker* (1954) 42 Cal.2d 550, 576 [268 P.2d 705], where the court failed to give an adequate instruction on intoxication: " 'It is incumbent upon a court in a criminal case to instruct the jury of its own motion, charging them fully and fairly upon the law relating to the facts of the case. [Citations.] The court is not relieved of the duty to give instructions whose necessity is "developed through the evidence introduced at the trial." [Citations.] An instruction is necessary if it is vital to a proper consideration of the evidence by the jury. [Citations.]' "

■ The trial judge is required to instruct only on general principles which are necessary for the jury's understanding of the case and he need not instruct without request, on specific points which might be applicable to the particular case.

(*People* v. *Warren* (1940) 16 Cal.2d 103, 117 [104 P.2d 1024]. [Failure to instruct concerning corroboration of an accomplice].) However, where the judge has a duty to instruct without request on the general principles of law governing the case, failure to perform that duty may be reversible error. (*People* v. *Baker, supra,* p. 576.) The same rule is applicable to the cautionary instructions. (*People* v. *Yrigoyen* (1955) 45 Cal.2d 46, 49 [286 P.2d 1] [Failure to instruct on circumstantial evidence] ; *People* v. *Yokum* (1956) 145 Cal.App.2d 245, 254 [302 P.2d 406] [Failure to properly instruct on reasonable doubt].)

The circumstances of each case must determine whether the failure to give cautionary instructions on the court's own motion constitutes prejudicial error. In *Baker, supra,* page 576, a prosecution for contributing to the delinquency of a minor, the court while holding that a cautionary instruction concerning the testimony of the minor should have been given held that under the evidence in the case, clearly pointing to the defendant's guilt, a different result would not have been probable if the instruction had been given and that, therefore, the error in not giving it was not prejudicial. (*People* v. *Lucas* (1940) 16 Cal.2d 178 [105 P.2d 102, 130 A.L.R. 1485].)

The instruction on conviction of a felony as impeachment was proper in this case, as defendant and two of his witnesses had been convicted of felonies. It is doubtful if from the almost passing reference to the fact that the witness Shelton was residing at the County Farm (which in Contra Costa County is a branch county jail) the jury would assume that he had been convicted of a felony.

 The circumstances did not require the court, unless requested, to give the instruction now suggested. Assuming, however, that it should have been given, the situation is similar to that in *Lucas, supra,* in that it is not reasonable to assume that the verdict would have been otherwise than it was had such an instruction been given. There were four eyewitnesses who clearly identified the defendant as the perpetrator of the crime. The only evidence in the case of conviction of a felony was that concerning defendant and the two other witnesses. Witness Shelton was never impeached. The only reference made to the County Farm came when he was asked where he resided. Apparently defense counsel did not deem the matter of sufficient importance to object to the answer or ask the trial court to caution the jury that in weighing the wit-

ness' testimony, it was not to consider his residing at the County Farm. Moreover, it is possible that any mention of the matter by the court might have served merely to accentuate the matter. Even if it could be considered the duty of the court on its own motion to caution the jury as now suggested a failure to do so in this case cannot be said to be prejudicial error requiring a reversal.

Judgment affirmed.

Sullivan, P. J., and Molinari, J., concurred.