*511
 
 JEFFERSON, J.
 

 Defendants Billy and Leon Henderson and David Hawkins were jointly charged, in a three count information, with the robbery (Pen. Code, § 211) of William Edwards (count one) and Granville Card (count three) and with the attempted robbery (Pen. Code, §§ 211 and 664) of Burr Thomas (count two). A jury found Leon Henderson guilty as charged. Billy Henderson and Hawkins were found guilty of counts one and two; count three was subsequently dismissed. As to counts one and two, defendants were found to be armed, and the degree was fixed as the first degree. With respect to count three of which Leon Henderson alone was convicted, the degree was reduced by the court to the second degree. Defendants’ motions for new trial and for probation were denied and all three received prison sentences, the counts being ordered to run concurrently. Defendants appeal from the judgments entered.
 

 Since defendants argue the sufficiency of the evidence, the facts are summarized below, viewed as the law requires in the light most favorable to the People.
 

 Count I: On March 8, 1966, at about 12:30 a.m., William Edwards was employed at the Parks Service Station in Long Beach. A brown Chevrolet station wagon pulled into the station. Defendants were the three occupants of the vehicle. Leon Henderson, the driver, got out and asked Edwards for a fuse for the car. Edwards went to the office to get it. Both Leon and Billy Henderson followed him inside. Hawkins remained standing next to the open door of the ear. When Edwards reached for the box of fuses he was grabbed from behind and hit on the head. As he was falling he looked up and saw that Billy Henderson had a revolver in his hand. They took his keys, a few dollars from his pockets and then hit him over the head again, this time knocking him unconscious. When he came to he telephoned the police. The cash box containing about $65 or $70 was missing.
 

 Count II: About 1:30 a.m. on March 8, 1966, Burr Thomas was working the ‘1 graveyard shift” at the Poer Richfield Service Station on Vermont and Redondo Beach. Defendants drove into the station in a late model General Motors station wagon. Thomas had been given the license number of this vehicle by Granville Card, who worked at the station on an earlier shift. Card had talked with Thomas about an incident earlier the same evening (at about 10:30 or 11 p.m.). Defendants had driven up to the station and Leon Henderson had asked Card to check his fuses. Card told him the lights of his
 
 *512
 
 car were burning and he did not need any fuses. Defendants had driven off after Card waited on another customer. Card had not waited on Henderson because he remembered Henderson had robbed him on a previous occasion. (However, Thomas did not recall whether Card had told him this.)
 

 As he had done with Card, Leon Henderson, who was driving the station wagon, told Thomas he needed a fuse. Thomas said he did not know what fuse they were talking about and walked back into the office. Hawkins followed him inside and said, “You are going to get this fuse.” Thomas asked him what size fuse, and Hawkins replied “Are you going to get this fuse?” He referred to a number 15 fuse. When Thomas turned to reach for the fuse, Hawkins hit him on the side of the head with a pistol he pulled out. Thomas was struck two more times after he fell to the floor, causing his head to bleed. He saw that Leon Henderson and Billy Henderson had entered the office. Billy Henderson also had a gun in his hand. He got up and managed to fight them off. During the scuffle Hawkins fired his gun. As they left the office he threw something at Leon Henderson who had slipped on some grease. They drove away in the station wagon.
 

 Defendants were arrested by the police shortly before 3 a.m. the same morning. They were driving a 1966 Chevrolet station wagon. Two guns were found under a floor mat of the vehicle.
 

 Count III: Back on November 20, 1965, Granville Card was working the graveyard shift at the service station when, at about 3 a.m., Leon Henderson drove up in a car and parked near the station. He approached Card and asked him for change for a quarter. Card went to the cash box to get the change. At this point, Henderson stuck his hand inside his pocket and ordered Card to give him all the money in the box. Card complied and Henderson then left.
 

 Alibi witnesses, testifying for defendants, stated that all three were at a birthday party from about 10:30 p.m. until about 2 a.m., on the evening of March 7-8, 1966. On the night of November 19-20, 1965, Leon Henderson was also at a party. This one lasted from 11 p.m. until 4:15 a.m. the next morning. Defendants each testified, denying any involvement in the
 
 crimes;
 
 they knew nothing about the guns found in their car; they were at a party when the crimes were committed.
 

 In rebuttal, the prosecution introduced evidence that defendants had made statements to the police after their arrests and after being advised of their constitutional rights.
 
 *513
 
 In the statements defendants indicated that they were at various locations on the night of March 7 and 8; they did not, however, state that they were at a party.
 

 We conclude that the above evidence overwhelmingly established defendants’ guilt of the charges they were convicted of committing. Without foundation is the argument that Hawkins was not shown to have taken any part in the crime alleged in count one. He stood by the car, presumably as a lookout, while the Hendersons entered the service station office and robbed the attendant. While he was not shown to have directly participated in the acts constituting the crime, clearly the evidence supports the conclusion that he aided and abetted in its commission and was thus guilty as a principal. Nor do we find any merit in the argument, directed toward the count two charge of attempted robbery, that no showing is made defendants intended to rob the victim. The unmistakable conclusion drawn from the evidence is that robbery was their objective, and that such objective was frustrated only by the defense put up by their intended victim.
 

 Defendants contend the trial court erred in failing to instruct the jury that robbery requires the specific intent to steal. The court instructed the jury that an essential element of the crimes charged is a criminal intent which must unite with the criminal conduct; that as to each count, defendants had to have the specific intent to commit robbery; that robbery is the felonious taking of personal property of any value in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. These instructions adequately apprised the jury of the required intent.
 

 Defendants further contend that the court’s failure to give an instruction pertaining to’ the elements of an attempt was prejudicial error, requiring reversals of their convictions of count two.
 

 The trial court has the duty in a criminal ease to give instructions, without request, on the general principles of law governing the case.
 
 (People
 
 v.
 
 Sutton,
 
 231 Cal.App.2d 511, 515 - 516 [41 Cal.Rptr. 912] ;
 
 People
 
 v.
 
 Bowens,
 
 229 Cal.App.2d 590, 594-595 [40 Cal.Rptr. 435] ;
 
 People
 
 v.
 
 Longino,
 
 222 Cal.App.2d 734, 738 [35 Cal.Rptr. 367].) That is to say, it must instruct on “those principles of law commonly or closely and openly connected with the facts of the ease before the court.’’
 
 (People
 
 v.
 
 Bevins,
 
 54 Cal.2d 71, 77 [4 Cal.Rptr. 504,
 
 *514
 
 351 P.2d 776];
 
 People
 
 v.
 
 Bowens, supra,
 
 at p. 595;
 
 People
 
 v.
 
 Longino, supra,
 
 at p. 738.) We agree with defendants that, since they were charged with attempted robbery, an instruction defining what constitutes an
 
 attempt—i.e.,
 
 a specific intent plus an ineffectual overt act directed at its consummation—would have been proper. But we cannot agree with the assertion that the failure to give such an instruction was prejudicial to defendants.
 

 The question of prejudice must be tested in the light of article VI, section 13 of the California Constitution.
 
 (People
 
 v.
 
 Winston,
 
 46 Cal.2d 151, 161 [293 P.2d 40] ;
 
 People
 
 v.
 
 Bowens, supra,
 
 at pp. 595-599.) If it is not reasonably probable that a result more favorable to defendants would have been reached if the court had given this instruction, then the error is not prejudicial or reversible error.
 
 (People
 
 v.
 
 Winston, supra,
 
 at p. 161;
 
 People
 
 v.
 
 Bowens, supra,
 
 at p. 595.) “The circumstances of each ease must determine whether the failure to give cautionary instructions on the court’s own motion constitutes prejudicial error.”
 
 (People
 
 v.
 
 Sutton, supra,
 
 231 Cal.App.2d 511, 516.)
 

 It is inconceivable under circumstances of this case that the failure to define attempt could have affected the outcome. The court properly instructed the jury as to the specific intent required. The evidence demonstrates such intent was present. No issue was presented concerning the requirement that there be a direct ineffectual act in the furtherance of the crime as distinguished from mere preparation; the sole defense was an alibi. The evidence plainly shows sufficient overt acts. Under any possible instruction on the subject the jury, if it believed the alleged victim, Thomas, necessarily would have convicted defendants on count two.
 

 At the time Hawkins was sentenced, the court revoked his probation on a prior conviction and sentenced him on that conviction, the sentence being ordered to run concurrently with the sentences imposed in this case. Hawkins’ appeal is noticed to include an appeal from the judgment following the revocation of probation in the earlier case. In his briefs Hawkins questions the court’s action in finding him in violation of probation. The record does not indicate any basis to disturb the action of the court below. “The discretion of the court to revoke probation is analogous to its power to grant probation, and the court’s discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. [Cita
 
 *515
 
 tions.] ”
 
 (People v. Silva,
 
 241 Cal.App.2d 80, 84 [50 Cal.Rptr. 243].)
 

 The judgments are affirmed.
 

 Piles, P. J., and Kingsley, J., concurred.
 

 The petition of appellant Henderson for a hearing by the Supreme Court was denied December 27, 1967.