[Crim. No. 8125. First Dist., Div. One. Sept. 22, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES C. MATLOCK, Defendant and Appellant.

## COUNSEL

Herbert W. Yanowitz for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci, and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendant James C. Matlock was convicted by jury verdicts of an assault with a deadly weapon (Pen. Code, § 245 subd. (a)) and possession of marijuana (Health & Saf. Code, § 11530). On the assault charge he was sentenced to state prison; execution of the sentence was thereupon suspended and he was placed on probation. On the narcotics charge imposition of sentence was suspended and probation was granted.

The appeal is from "the final judgment of conviction and sentence and order after judgment affecting his substantial rights." We shall treat the appeal as from the judgment of conviction on the assault charge and from the order granting probation as to the narcotics offense. (See Pen. Code, § 1237.)

Matlock's first contention concerns the People's proof, over objection, that he had suffered seven prior misdemeanor convictions and had committed other acts relating to acts of violence. We have concluded that

the trial court's related rulings were prejudicially erroneous and that Matlock's convictions must be set aside.

The aggravated assault charge was based on evidence that Matlock had assaulted one Jean Hartgrove with a loaded gun. Matlock took the witness stand on his own behalf; he admitted that earlier on the day of the alleged assault he had slapped her with his hand. He testified that the lady thereafter produced a gun, and that during a struggle for its possession he struck her with his fist, and the firearm accidentally discharged. He stated that this had happened in the kitchen.

On Matlock's cross-examination the record shows the following to have occurred (italics ours):

"[DISTRICT ATTORNEY] Q. And you never beat her in the bedroom?

"A. No, I did not.

"Q. As a matter of fact, you enjoyed beating her, didn't you?

"A. *I don't enjoy beating no one at no time.*

"Q. No one at no time?

"A. That's right.

"[DEFENSE ATTORNEY]: Objected to. This is badgering the witness, Your Honor.

"THE COURT: The objection is overruled.

"[DISTRICT ATTORNEY] Q. Have you ever struck a woman before?

"[DEFENSE ATTORNEY]: Objected to as incompetent, irrelevant, and immaterial.

"THE COURT: The witness said he volunteered information that he had never beaten anyone at any time. So, having volunteered this information, the prosecutor has the right to examine him in this regard.

"THE WITNESS: Your Honor, may I straighten him out, please?

"THE COURT: He is asking you a question.

"THE WITNESS: I want to answer the question. It's different from him—

"[DISTRICT ATTORNEY]: You can answer yes or no and then explain it.

"THE WITNESS: He said I enjoyed beating people. Then you just said that I have never beaten anyone at any time.

"THE COURT: That's what you said.

"THE WITNESS: I said I never enjoyed beating anyone at any time.

"[DISTRICT ATTORNEY]: That's not his answer, Your Honor.

"THE WITNESS: I never enjoyed beating anyone, fighting no one.

"[DISTRICT ATTORNEY] Q. Would you answer the question: Have you ever struck any woman?

"A. Yes.

"Q. Have you ever been convicted for striking a woman?

"A. Yes.

"Q. How many times?

"A. One.

"Q. You have been convicted for battery on three separate occasions, have you not?

"[DEFENSE ATTORNEY]: Objected to as incompetent, irrelevant, and immaterial.

"THE COURT: Overruled in view of the statement volunteered by the defendant. It is competent."

Thereupon the district attorney asked Matlock whether on June 1, 1956, he was convicted of battery in the municipal court, given 30-day suspended sentence, and placed on probation with a $25 fine and restitution; Matlock admitted this. The district attorney further asked if he was convicted of battery in 1947; Matlock stated he did not remember. Asked if he was convicted of a battery on Joan Ethel Ervin, a former employee, Matlock stated that he was arrested and went to court, but did not know what the result was; he was not sentenced to jail. Thereupon the district attorney asked if he was not placed on one year's probation on August 11, 1959. Matlock answered: "Maybe, I were; I probably were." He was then asked if he was arrested on April 6, 1963, for a battery on Bertha Moffet. Matlock admitted that he was and when asked if he was given 60 days' suspended sentence and placed on probation, stated that he did not know what had happened. All he knew was that he did not serve any "time." Questioned if he had ever done "any time for a battery charge," Matlock answered: "Yes—no, I'm sorry, I don't think I have no battery."

The district attorney then proceeded with the following line of questioning:

"Q. As a matter of fact, your probation was revoked and you did six months in the County Jail?

"A. That's right. That was for battery, was it?

"Q. That was for battery.

"A. That's the one I went down on, yes.

"Q. Are you familiar with a girl by the name of Doris Miles?

"A. Yes.

"Q. Did you ever strike Miss Miles?

"A. Yes.

"Q. Are you familiar with a man by the name of Alfonso Samorano?

"A. Yes.

"Q. Did you ever strike him?

"A. No, I did not.

"Q. Are you familiar with a woman by the name of Miss Melba Moore?

"A. Yes.

"Q. Did you ever strike Miss Moore?

"A. Yes.

"Q. Are you familiar with a Pearly May Matlock?

"A. Yes.

"Q. Did you ever strike Miss Matlock?

"A. I did not.

"Q. Calling your attention to March 28, 1962, was she your wife at that time?

"A. That's right.

"Q. Do you recall the police coming when she reported you had beaten her?

"[DEFENSE ATTORNEY]: Objected to as incompetent, irrelevant, and immaterial, Your Honor. The question is and properly should be, 'Have you been convicted of striking her?' And I object to this whole line of testimony.

"THE COURT: Overruled.

"THE WITNESS: Do I recall what?

"[DISTRICT ATTORNEY]: Q. Do you recall the officers coming to your residence at that time?

"A. Yes.

"[DEFENSE ATTORNEY]: The same objection. These are immaterial matters designed only to prejudice the jury and are argumentative in their very nature.

"THE COURT: Overruled. As I indicated to you, the defendant himself volunteered that information.

"[DEFENSE ATTORNEY]: The allegations of police officers in these matters, Your Honor, are no evidence of conviction.

"[DISTRICT ATTORNEY]: I am asking the witness.

"THE COURT: He is asking the question.

"[DISTRICT ATTORNEY]: Q. Do you recall the police coming to that location?

"A. Yes.

"Q. Do you remember stating to the officers, 'I slapped her around a little bit.'

"A. No.

"Q. At that time did Mrs. Matlock have an abrasion of the left cheek, nose, and ear bleed?

"A. No.

"Q. Do you remember a Sarah Cheeks?

"A. Yes.

"Q. Did you ever strike Miss Cheeks?

"A. No.

"Q. Do you recall the officers talking to you about the incident involving Miss Cheeks on July 4, 1960?

"A. The only thing I recall the officer talking to me about with Mrs. Cheeks is because I had bought an automobile under her name and my name for to get it financed, and then later I sold the automobile and we had some words behind that, but never no fight.

"Q. Do you recall telling the officers on that day, July 4, 1960, that you hit her?

"A. No.

"Q. Do you recall Mrs. Cheeks being taken to the Central Emergency Hospital and treated for lacerations to the left cheek and eye?

"A. I do not.

"[DEFENSE ATTORNEY]: My objection runs to all of this, Your Honor.

"THE COURT: It is noted and overruled."

Thereafter, on motion of the district attorney and over objection of the defense, the court admitted documentary evidence establishing that Matlock had suffered six misdemeanor battery convictions, and a conviction for carrying a concealed firearm (Pen. Code, § 12025, a misdemeanor).

It will be seen that the sole basis for the admission of this flood of inflammatory evidence was the faulty recollection of the trial court, encouraged by the prosecutor, that Matlock had "volunteered information that he had never beaten anyone at any time." "So," the court concluded, "having volunteered this information, the prosecutor has the right to examine him in this regard." Yet Matlock had volunteered nothing; he had reasonably responded to the question whether he "enjoyed beating" the alleged victim by stating, "I don't enjoy beating no one at no time." Such gross and obvious error should have been corrected in the trial court by granting a mistrial on Matlock's motion, or a new trial after conviction, or in some other appropriate manner. Matlock should not have been compelled to resort to a time-taking appeal to this already overburdened appellate court.

■ The Attorney General nevertheless insists that the questioned evidence, being relevant to the assault issue, was properly admitted even though the court's stated reason for its admission was wrong.

■ It is established law that " 'evidence of other crimes is inadmissible when it is offered *solely* to prove criminal disposition or propensity on the part of the accused to commit the crime charged, because the probative value of such evidence is outweighed by its prejudicial effect. . . .' " (*People* v. *Sam,* 71 Cal.2d 194, 203 [77 Cal.Rptr. 804, 454 P.2d 700].) (Italics added.) Discussing the rationale of this rule, the court in *People* v. *Claborn,* 224 Cal.App.2d 38, 44 [36 Cal.Rptr. 132], stated: "It has been said that such evidence 'is objectionable, not because it has no appreciable probative value, but because it has too much. The natural and inevitable tendency of the tribunal — whether judge or jury — is to give excessive

weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take proof of it as justifying a condemnation irrespective of guilt of the present charge.' (1 Wigmore, Evidence (3d ed.) § 194, p. 646.) The same author states as another reason for excluding such evidence that, if admitted, too great a burden is placed upon a defendant who must then defend against not only the present charge, but many. (*Op. cit.*, p. 646.)"

█ It is noted that the Attorney General, quite properly, makes no contention that the evidence of Matlock's earlier offenses comes within the exception to the rule above stated. █ Such evidence is admissible only if "it tends logically, naturally, and by reasonable inference, to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. . . . It is settled that evidence of other crimes is ordinarily admissible where it tends to show guilty knowledge, motive, intent, or presence of a common design or plan." (*People* v. *Kelley*, 66 Cal.2d 232, 239 [57 Cal.Rptr. 363, 424 P.2d 947].) █ No such tendency is here indicated.

█ Nor was the subject evidence admissible for the purpose of impeaching Matlock, as contended by the Attorney General. A witness may not be impeached by evidence of particular wrongful acts (Evid. Code, § 787; *People* v. *Ashford*, 265 Cal.App.2d 673, 679 [71 Cal.Rptr. 619]; *People* v. *Greenwood*, 207 Cal.App.2d 300, 305 [24 Cal.Rptr. 337]; *People* v. *Diaz*, 206 Cal.App.2d 651, 666 [24 Cal.Rptr. 367]); or by proof of prior misdemeanor convictions (*People* v. *Sutton*, 231 Cal.App.2d 511, 514-515 [41 Cal.Rptr. 912]; *People* v. *Griffin*, 209 Cal.App.2d 125, 128 [25 Cal.Rptr. 667]).

█ The Attorney General further urges that even if Matlock's answer be considered as relating "to a collateral matter, cross-examination in the manner permitted was appropriate because appellant had 'opened the gates.'" This so-called "open the gates" argument has repeatedly been held to be a popular fallacy. (*Fortner* v. *Bruhn*, 217 Cal.App.2d 184, 189-190 [31 Cal.Rptr. 503]; *People* v. *Arends*, 155 Cal.App.2d 496, 509 [318 P.2d 532]; *People* v. *McDaniel*, 59 Cal.App.2d 672, 677 [140 P.2d 88].) It would be a curious rule indeed that would place a person charged with crime in a position where he must admit that he "enjoys beating" another or suffer the penalty of a parade of his otherwise inadmissible past misdeeds before the jury.

We have concluded that the prejudice resulting from the error we have discussed has tainted both of the verdicts returned against Matlock.

A resolution of the remaining contentions raised by Matlock has become unnecessary to a disposition of this appeal.

The judgment and the order granting probation on the possession of marijuana charge are reversed.

Molinari, P. J., and Sims, J., concurred.