Opinion
MURPHY, J.—
I. Facts
Appellant was convicted of violating six counts of Business and Professions Code section 17500 and nine counts of Vehicle Code section 11700 arising out of his conduct as an unlicensed auto dealer making fraudulent or misleading statements to induce sales. There were six victims. After appellant’s conviction was affirmed by the superior court appellate panel, he was remanded to custody for one year. A restitution hearing was held and the *Supp. 38 court at the hearing imposed as a condition of probation restitution in the amount of $16,636. The docket was amended by stipulation of the parties to reflect a corrected total of $17,336.94. In addition, the trial court added additional conditions of probation: (1) that appellant not attempt to discharge his restitution obligation through bankruptcy proceedings, (2) that appellant seek and maintain full-time employment upon release from custody, and (3) that appellant not leave San Diego County without the court’s permission.
Appellant challenges on appeal the conditions of probation concerning restitution, particularly that he not seek to discharge his restitution obligation through bankruptcy. For the reasons set forth below, we affirm the order and hold that a trial court imposes restitution as a condition of probation on a defendant in a criminal case may further impose as a condition of probation that the defendant not attempt to discharge the restitution obligation in bankruptcy.
II. Discussion
A.
Appellant first challenges the condition of probation that he not attempt to discharge the restitution order by any bankruptcy proceedings on the grounds that (1) he has a fundamental right to file for bankruptcy and (2) the dischargeability of debts is governed and preempted by federal law. Appellant is mistaken.
In Kelly v. Robinson (1986) 479 U.S. 36 [93 L.Ed.2d 216, 107 S.Ct. 353], the United States Supreme Court held that restitution obligations imposed as conditions of probation in state criminal proceedings are not dischargeable in proceedings under chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 et seq.). The Supreme Court, in Pennsylvania Public Welfare Dept. v. Davenport (1990) 495 U.S. 522 [109 L.Ed.2d 588, 110 S.Ct. 2126], held that restitution obligations are dischargeable under chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301 et seq.). In response to this decision, Congress amended title 11 of United States Code, section 1328(a) to specifically exclude from discharge under chapter 13 a debt “for restitution included in a sentence on the debtor’s conviction of a crime.”
Thus the order does not infringe on appellant’s right to file for bankruptcy. The order is consistent with federal judicial and statutory law that the specific restitution order not be discharged in bankruptcy.
B.
Appellant next contends that the condition of probation that he not seek to discharge the restitution order in bankruptcy proceedings was not reasonably *Supp. 39 related to rehabilitation. According to appellant, filing a bankruptcy petition to discharge debts has nothing to do with future criminality.
The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate, and if so, the conditions thereof. A condition of probation will not be held invalid unless it (1) has no relationship to the crimes of which defendant was convicted, (2) relates to conduct which is not, in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which defendant was convicted or to future criminality. (People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)
Here it can be concluded that the condition of probation meets the requirements of Lent. Appellant was convicted of making fraudulent and misleading statements to induce auto sales. The restitution order is designed to compensate the victims for the losses suffered as a result of appellant’s criminal conduct. The additional condition, that appellant not seek to discharge the obligation in bankruptcy proceedings, is designed to ensure appellant’s compliance with the restitution order. The condition relates to the crime of which appellant was convicted in that it guarantees that appellant not profit from his wrongdoing.
The condition also relates to future criminality of appellant. Appellant will be required to repay the victims for their losses caused by his conduct. Such condition will serve as a deterrent to any future similar criminal conduct by appellant.
C.
Appellant further contends that the court attempted to address civil liability issues rather than rehabilitation. However, restitution by definition impacts potential civil liability, restoring some or all of the value of property taken from a crime victim. (People v. Goulart (1990) 224 Cal.App.3d 71, 82 [273 Cal.Rptr. 477].)
Penal Code section 1203.04 provides: “(a) In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution ...[][] (1) To the victim, if the crime involved a victim.” Restitution is defined as “. . . full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness *Supp. 40 or in assisting the police or prosecution, which losses were caused by the defendant as a result of committing the crime for which he or she was convicted.” (Pen. Code, § 1203.04, subd. (d).)
Here, appellant was convicted of false advertising and unlicensed vehicle dealing. Appellant was ordered to return to each victim the money he took in the course of committing his crimes. The restitution order falls within the scope of Penal Code section 1203.04 and was clearly proper.
D.
Appellant finally contends that the trial court did not consider ability to pay in setting the amount of restitution. However, while equal protection requires a court to grant a hearing on a defendant’s ability to pay restitution, it does not require a trial judge make a finding of ability to pay before ordering restitution. (People v. Goulart, supra, 224 Cal.App.3d at p. 84).
The order is affirmed.
Moon, Acting P. J., and Tobin, J., concurred.