Filed 8/25/15  P. v. Lopez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO LOPEZ,<br><br>    Defendant and Appellant. | F068109<br><br>(Super. Ct. No. MCR038495)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Katharine Eileen Greenbaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Sarah J. Jacobs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P. J., Franson, J. and Smith, J.

Roberto Lopez was on probation after pleading guilty to violation of Penal Code section 288, subdivisions (a) and (b)(1).[1]  The Madera County Probation Department filed a petition alleging Lopez violated the condition of his probation that required him to obey the reasonable orders of the probation department.  Specifically, the petition alleged Lopez had been ordered by the probation department not to possess any photographs of children under the age of 18, and he violated this order when he possessed what appeared to be school photographs of four fully clothed children.  We conclude the trial court erred in ruling Lopez violated his probation because there was insufficient evidence the order of the probation department was *reasonable*, as required by the conditions of probation.

## FACTUAL AND PROCEDURAL SUMMARY

In October 2010 the Madera County District Attorney filed a first amended information charging Lopez with (1) continuous sexual abuse of a child (§ 288.5, subd. (a)), (2) two counts of lewd and lascivious acts on a child under 14 years of age (§ 288, subd. (a)), and (3) lewd and lascivious acts on a child under 14 years of age by the use of force or fear (*id.*, subd. (b)(1)).  According to the probation report, Lopez had lived with the victim's mother and the mother's young children for a number of years.  The children referred to Lopez as their grandfather.[2]  The charges were instituted when one of the children told her mother that Lopez had entered her bedroom during the night and had touched her breasts and vagina, and that such acts had occurred on more than one occasion.

In December 2010 Lopez entered into a plea agreement wherein he agreed to plead guilty to one count of lewd and lascivious acts on a child under 14 years of age and one count of lewd and lascivious acts on a child under 14 years of age by force or fear.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

[2]At the time of the offenses, Lopez was approximately 81 years old.  He was 83 at the time of the hearing on the violation of probation.

In exchange, the prosecution dismissed the remaining two counts and Lopez was sentenced to a term of 10 years in prison, which the trial court suspended upon the condition that Lopez successfully complete a five-year term of probation.

In November 2012 the Madera County Probation Department (probation department) filed a petition alleging Lopez violated his probation by being in the presence of children without supervision by an adult approved by the probation department. It appears the probation department discovered that Lopez had befriended a young woman with children in the same manner he had befriended the mother of the victim. According to the recommendation filed by the probation department, Lopez, "[b]y his appearance and soft spoken demeanor … has again begun to earn the trust of another young mother." After an evidentiary hearing, the trial court found Lopez had violated the terms and conditions of his probation. The trial court revoked and then reinstated probation under the same terms and conditions, with the addition that Lopez serve 360 days in jail.

In July 2013, apparently shortly after Lopez was released from custody for the violation of probation, the probation department filed a second petition alleging Lopez violated the terms and conditions of his probation. The petition alleged that one of the terms of probation required Lopez to obey "all reasonable oral and written directives of the probation officer." Lopez allegedly violated this condition by possessing pictures of children, which the probation department had forbidden.

The prosecution called three witnesses in support of the petition. The first witness, Probation Officer Maryann Dawkins, testified she discovered the photos when she visited Lopez in the motel room in which he was staying. On top of the dresser were two grocery bags. Inside one of the grocery bags was a small item, variously described as a small wallet or wallet insert. This item contained three separate wallet-size photos. One photo was a picture of a woman and a girl (who may have been over 18), the second photo was a picture of a young man, and the third photo was a picture of a young girl.

3.

The last two photos were described as being "like a school photo."  Dawkins opined the two children in the photos by themselves were elementary school age.

Dawkins also searched Lopez's wallet, in which she found two pictures, one of a young boy and the other of a young girl.  Dawkins testified these photos appeared to be elementary school photos.  Dawkins seized all of the photos.

Humberto Nava acted as an interpreter for Dawkins during her contact with Lopez.  Lopez told Dawkins a nephew had given the bag to him and he did not know the photos were in the grocery bag.

The third witness offered by the prosecution was Probation Officer Gabrielle Sanchez, who apparently was Lopez's probation officer.  She testified she informed Lopez "[m]any times" that he was prohibited from possessing photos of children, each time through an interpreter.  Through the interpreter Sanchez confirmed Lopez understood the condition.  The specific advisement was "[h]e could have no pictures of minors under the age of 18."  He was allowed, however, to keep "pictures of his parents and himself and his siblings when they were younger, so him and his brothers and sisters, pictures from 1940."  Sanchez was "very specific and clear to him."

The trial court inquired about the reason behind the prohibition, after which the following colloquy occurred:

> "[SANCHEZ]:     Because he is a registered 290.  Per our policy, we don't allow them to have pictures of children under the age of 18 on their possession.
>
> "THE COURT:     Why is there such a policy?
>
> "[SANCHEZ]:     I can't answer that question.
>
> "[PROSECUTOR]: Maybe I can help.  [¶]…[¶] … What kind of conditions do your 290 registrants have generally?
>
> "[SANCHEZ:]     Possess no porn.  Not be around social websites.  You are not to be around children unsupervised by someone

4.

not approved by us, not congregate in areas that cater specifically to children.

"[PROSECUTOR:] What are the functions of those requirements?

"[SANCHEZ:] I am sorry?

"[PROSECUTOR:] Why do you have those requirements?

"[SANCHEZ:] To protect children.

"[PROSECUTOR:] How is it that, for example, not having pornography protects children?

"[SANCHEZ:] There could be child pornography, it could arouse him.

"[PROSECUTOR:] And is he also required to take polygraph examinations?

"[SANCHEZ:] Yes.

"[PROSECUTOR:] Has he done that?

"[SANCHEZ:] One which resulted—I don't think he ever completed it. It resulted in the last violation when we arrested him.

"[PROSECUTOR:] Is the containment model designed to contain persons with deviant sexual interests?

"[SANCHEZ:] Yes."

There is no other reference in the record to explain why Lopez was denied the right to possess photos of children. In concluding Lopez had violated his probation, the trial court explained its reasoning as follows, "I haven't chewed tobacco for two and a half years. You put a tobacco can in front of me and I start wanting tobacco. Mr. Lopez is a pedophile and you put pictures of young children in front of him and that's going to arouse his interest and we can't have that." Based on that reasoning, the trial court found the order from the probation officer was clear and understood by Lopez. At the sentencing hearing, the trial court revoked Lopez's probation and ordered him to serve the previously imposed sentence of 10 years in prison.

5.

## DISCUSSION

Lopez presents two arguments asserting the trial court erred in finding he had violated his probation. First, he asserts the probation condition was constitutionally overbroad, and thus unenforceable. Second, he argues the trial court's decision was not supported by substantial evidence. It is important to properly frame the issue before proceeding.

The term of probation imposed by the trial court required Lopez to obey all reasonable oral and written directives of the probation officer. Lopez does not challenge this condition of probation, although an argument easily could be crafted that this condition was overbroad because what is reasonable to one probation officer may be unreasonable to another person, or even another probation officer. A probationer could not know if an order given by a probation officer would indeed by seen by the court as reasonable or unreasonable unless he refused to obey the order and was charged with violating probation, or, in the alternative, petitioned the trial court to determine if every order given was reasonable.[3]

Instead, Lopez focuses his arguments on the order of the probation officer that prohibited him from possessing any photographs of children under the age of 18, except for a few specifically identified photographs of Lopez and his brothers and sisters when they were children. Lopez argues, in essence, this order was both overbroad and vague. His substantial evidence argument contains several parts. First, Lopez points out the photos that allegedly were in his possession were never introduced into evidence, so the trier of fact could not determine whether the pictures were of children. Second, it is impossible to know if the photos were of family members and therefore within the parameters of the order. Third, since there was no evidence the photos were

---

[3]Because Lopez does not challenge this order, the People's assertion that Lopez forfeited the right to challenge this condition of probation by failing to object in the trial court is moot.

pornographic, they could not result in a violation of probation. Lopez also suggests that since Sanchez communicated with him through an interpreter, and that interpreter did not testify at the hearing, it is impossible to know what was communicated to Lopez by the interpreter.

We conclude the resolution of this case involves both a substantial evidence and overbreadth component. The condition of probation Lopez was charged with violating required him to obey the *reasonable* orders of the probation department. The prosecution was required, therefore, to establish the order Lopez was charged with violating was reasonable. The prosecution failed to meet this burden, i.e., failed to present substantial evidence to support the ruling because the order was unreasonable since it was overbroad and unrelated to the crime of which Lopez was convicted.

The case most often cited to define the parameters of probation or parole conditions is *People v. Lent* (1975) 15 Cal.3d 481. "The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof. (Pen. Code, § 1203 et seq.) A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Id*. at p. 486.) Applying these factors to the facts of this case compels the conclusion that this probation order was not reasonable.

We begin with the crime of which Lopez was convicted. He pled guilty to two counts of lewd and lascivious conduct on a child under the age of 14. The probation report summarizes the offense as follows: "The offense was perpetrated in the supposed safety of [the victim's] home by the defendant who she viewed as a grandfather. The

7.

defendant had been residing with her family for most of her life.  The offense occurred while she was sleeping in her bed with her two siblings."

The probation report prepared for this violation further summarizes the original offense and the first violation of probation.  "Prior to the defendant's conviction in this case, he had befriended a young woman with children and became a grandfather figure to them.  He then molested his ten year old 'granddaughter' and was subsequently arrested.  The basis of the first violation of probation was that he befriended yet another young woman with children and was viewed as 'grandpa' to them also; bringing them special gifts and kisses."

These probation reports establish that Lopez's method of operation consisted of befriending young mothers and insinuating himself in the lives of the mother and her children by undertaking the role of grandfather.  In this role, he gained access to the young victim, which permitted him to molest her.

The order of the probation department prohibited Lopez from possessing pictures of children.  However, Lopez's method of operation did not include the use of pictures of children.  There was no testimony that Lopez utilized the photographs to insinuate himself in the lives of young mothers, or that possession of such photographs compelled him to molest children.  Nor was there any testimony, as suggested by the trial court, that merely looking at pictures would "arouse his interest."  Even if this were so, to avoid arousing his interest Lopez would have to avoid television, the Internet, and any place a child may be seen, clearly an impossible task.

The trial court did not receive any assistance from Sanchez, the only witness to address the issue, to determine if this condition was reasonable.  She could not provide any reason for prohibiting Lopez from possessing photos of children.  Her reply to the court was that the restriction was office policy, which suggests a failure to consider whether the restriction was required for this person based on his crimes.

8.

The same result is reached when considering the overbreadth aspect of the probation order.

> "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citation.]' [Citation.] The vagueness doctrine bars enforcement of '"a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context,*' and that, although not admitting of 'mathematical certainty,' the language used must have '"*reasonable* specificity."' [Citation.]

> "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

As we discussed above, the order of the trial court could have been challenged on vagueness grounds, but the order of the probation department was not constitutionally vague. The order was clear and direct -- if it was translated properly to Lopez. He was not to possess any photographs of children under 18 except for a few specifically identified photographs from his youth.

The overbreadth aspect of the problem relates to the blanket prohibition preventing Lopez from possessing pictures of *any* children. The probation order

9.

prevented Lopez from possessing pictures of his children when they were young, as well as his grandchildren, great-grandchildren, nieces, nephews, and all other relatives when they were children. The circumstances of this case do not justify such a prohibition. Indeed, outside of the case where a defendant had molested a relative, it is difficult to imagine how the probation department could justify prohibiting an 80-year-old man from possessing pictures of his children and grandchildren when they were under 18. One could argue such a prohibition would tend to isolate a defendant from his family, thereby increasing the risk of another molestation.

In any event, the order clearly was constitutionally overbroad, as it limited Lopez's constitutional rights but was not closely tailored to the purposes of probation. While Lopez's interaction with children in the future, if any, clearly needs to be supervised, the probation department and the prosecution failed to provide any reasoning that could explain why prohibiting Lopez from possessing pictures of family members when they were children would assist in preventing future criminal conduct.

## DISPOSITION

The order finding Lopez violated his probation is vacated, and the trial court is ordered to enter a new order finding Lopez did not violate his probation by possessing pictures of children under the age of 18.

10.