Filed 6/27/14  P. v. Fuentes CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OSCAR JOSEF FUENTES III,<br><br>        Defendant and Appellant. | A138058<br><br>(Sonoma County<br> Super. Ct. No. SCR-602423) |

Following a jury trial, defendant Oscar Josef Fuentes III was convicted of insurance fraud and related felonies as a consequence of fraudulently seeking to reopen a claim for workers' compensation benefits.  The trial court suspended imposition of sentence and placed Fuentes on probation for three years.

On appeal, Fuentes challenges a probation condition allowing warrantless searches.  We conclude Fuentes forfeited the challenge to the probation condition by failing to object below.  We also reject his contention that his attorney's failure to object to the condition constituted ineffective assistance of counsel.  Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2003, Fuentes was 41 years old and was working for the State of California.  He was injured on the job in that year and filed a workers' compensation claim, which was resolved in June 2006 with a determination that he was 45 percent disabled.  Following the resolution of his claim, Fuentes received disability benefits of $170 per week, as well as medical benefits related to injuries to his neck, back, and upper extremities.  Fuentes

1

stopped working for the State in 2004 and later did part-time work from November 2005 to September 2007 as a machinist helper.

In March and April 2007, Fuentes participated in five sessions with a vocational rehabilitation counselor. Fuentes told the counselor he considered himself retired but expressed a desire to become a contractor, work part-time, and build on several properties he owned. He told the counselor he could drive up to 120 minutes, could lift 150 pounds occasionally, and could sit or stand for 30 minutes at a time. The counselor believed she could develop a vocational rehabilitation plan that "would be acceptable to the [workers' compensation] system."

Despite his claimed interest in pursuing work as a contractor, in May 2007 Fuentes filed a petition to reopen his workers' compensation claim and increase his permanent disability rating to 100 percent. A finding of 100 percent disability would have entitled Fuentes to a lifetime benefit of approximately $2 million as well as enhanced medical coverage.

In January 2008, Fuentes met with an agreed medical examiner who was appointed to evaluate his condition. Contrary to what Fuentes had told the vocational rehabilitation counselor, he told the doctor appointed to evaluate his condition that he could not lift more than 20 pounds, could not engage in any recreational activities, had difficulty reaching above shoulder level, and experienced "many other symptoms and limitations." On an activity questionnaire, Fuentes indicated he was unable to stand or walk for continuous periods, could not kneel or bend, and could not engage in recreational activities. The doctor concluded that Fuentes had a cervical spine disability that restricted him to light work, but did not find that he was 100 percent disabled. The doctor reevaulated Fuentes in August 2008. After considering new evidence made available to him, the doctor again concluded that Fuentes was not 100 percent disabled.

State Compensation Insurance Fund (State Fund) hired a private investigator to determine whether Fuentes had been truthful about his claimed physical limitations in his petition to reopen his workers' compensation claim. An investigator followed Fuentes on five separate occasions in 2007 and 2008. The investigator made almost eight hours of

2

video recordings as a consequence of the surveillance efforts. The recordings showed Fuentes participating in his son's baseball and football practices—sometimes for up to six hours a day. The recordings also showed him hitting baseballs, bending down to work on a vehicle, walking and carrying an empty plastic bucket, unloading an all-terrain vehicle, and riding a lawn mower.

In April 2009, a detective and an internal affairs agent with the State agency that had last employed Fuentes interviewed him concerning his answers on the activity questionnaire as well as the statements he had made to the agreed medical examiner. Fuentes claimed he filed the petition to reopen his claim because he "felt entitled to" more vocational rehabilitation money. He tried to place the blame for the petition to reopen on his workers' compensation attorney and maintained that he provided answers based upon how he felt on his worst days.

In September 2009, the parties stipulated to dismiss Fuentes's petition to reopen his workers' compensation claim. State Fund incurred costs of just over $13,000 associated with medical testing and evaluation of the claim. In addition, State Fund paid over $6,000 for the work performed by the private investigator.

The Sonoma County District Attorney filed a three-count information in July 2012 charging Fuentes with insurance fraud (Ins. Code, § 1871.4, subd. (a)(1)), making a false claim for health care benefits (Pen. Code, § 550, subd. (a)(6)), and presenting a false claim for loss and injury (Pen. Code, § 550, subd. (a)(1)). Following a jury trial, Fuentes was found guilty as charged.

The trial court suspended imposition of sentence and placed Fuentes on probation for three years subject to various terms and conditions. Fuentes was ordered to serve six months in county jail or in an alternative to jail, such as electronic home confinement.

As a condition of probation, Fuentes was "subject to warrantless search and seizure of [his] person, property, or vehicle at any time of the day or night and as to [his] residence at any time or reasonable time of day or night." The court also specified that Fuentes would not be eligible to apply for any additional workers' compensation benefits

3

as a result of the injury he sustained in 2003.  Fuentes did not object to the imposition of these probation conditions.

**DISCUSSION**

**1.**      ***The Challenge to the Warrantless Search Condition Was Forfeited.***

Fuentes challenges the warrantless search condition of probation on two grounds. First, he claims the condition is overbroad in violation of his constitutional rights. Second, he argues that the condition is unreasonable and must be stricken based on criteria established in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).  The *Lent* "unreasonableness" inquiry is distinct from a constitutional overbreadth challenge.  (See *People v. Pointer* (1984) 151 Cal.App.3d 1128, 1138–1139.)

As noted above, Fuentes did not object at the time the court imposed probation conditions.  "As a general rule, failure to challenge a probation condition on constitutional or *Lent* grounds in the trial court waives the claim on appeal."  (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033.)  In *People v. Welch* (1993) 5 Cal.4th 228, 234–237, our Supreme Court held that a failure to object to a probation condition at the time of sentencing forfeits a challenge to that condition on appeal.  Although the Supreme Court recognized a limited exception to the forfeiture doctrine for claims raising pure questions of law in *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*), the court cautioned that the exception "does not apply in every case in which a probation condition is challenged on a constitutional ground."  Instead, the limited exception for purely legal challenges applies only when the issue " ' "can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Ibid.*)  Thus, a facial challenge to a condition prohibiting a defendant from associating with anyone disapproved by the probation officer—without any requirement that the defendant knows who has been disapproved—could be raised for the first time on appeal because the issue does not require reference to specific facts in the sentencing record.  (See *id.* at p. 885.) Conversely, a challenge to the constitutionality or unreasonableness of a warrantless search condition, which requires consideration of the crimes of conviction and the facts

4

of the defendant's case, is forfeited if not raised in the trial court. (*In re Josue S.* (1999) 72 Cal.App.4th 168, 169–170.)

An application of these principles in this case leads to the conclusion that both of Fuentes's claims regarding the search condition have been forfeited. Fuentes first claims that the search condition is unconstitutionally overbroad because it is not "narrowly drawn" or specifically "tailored" to his crimes. But in order to evaluate whether the search condition is properly tailored to the specific crimes of which Fuentes was convicted, we would necessarily be required to examine the circumstances of the offenses as well as the sentencing record. Because this fact-specific inquiry precludes application of the *Sheena K.* exception to the general forfeiture rule, Fuentes's failure to object to the condition when it was imposed forfeits the constitutional challenge on appeal.

Fuentes next claims the search condition is unreasonable under *Lent* because it "has no relationship to the crime of which the offender was convicted" and "forbids conduct that is not reasonably related to future criminality." Again, evaluation of these assertions necessarily would require an examination of the facts underlying the convictions and the relationship between those facts and the condition. Because the required analysis would go far beyond resolving pure questions of law, the limited exception to the forfeiture rule in *Sheena K.* does not apply. In any event, the *Sheena K.* exception generally does not apply to *Lent* "unreasonableness" claims, which turn on the particular facts of each case. As the court explained in *Sheena K.,* "[a]pplying the [forfeiture] rule to appellate claims involving discretionary sentencing choices or unreasonable probation conditions is appropriate, because characteristically the trial court is in a considerably better position than the Court of Appeal to review and modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case." (*Sheena K., supra,* 40 Cal.4th at p. 885.)

Fuentes urges that we exercise our discretion to review his claim on appeal despite his failure to object, claiming that it raises "an important constitutional issue." We decline to do so. We observe that Fuentes primarily relies on *People v. Keller* (1978) 76 Cal.App.3d 827 (*Keller*) overruled on other grounds in *People v. Welch, supra,*

5 Cal.4th at page 237, as the basis for his constitutional overbreadth claim.  In *Keller*, the court imposed a search condition after the defendant pleaded guilty to the theft of a 49 cent pen.  (*Id.* at p. 830.)  The appellate court struck down the condition and analogized the imposition of a search condition following a petty theft conviction to "the use of a Mack truck to crush a gnat."  (*Id.* at p. 840.)  This case simply does not present the same lack of proportionality between the offense and the search condition.  Fuentes was convicted of attempting to defraud State Fund into giving him lifetime benefits worth $2 million.  Further, as the probation report explained, Fuentes's use of pain medication was "of concern" and purportedly played a role in his decision to make false statements to secure additional workers' compensation benefits.  His misuse or dependence on pain medication—and the role it played in his decision to make a fraudulent claim—provides an additional basis for a search condition.

Moreover, Fuentes's reliance on *Keller* is misplaced.  In *People v. Balestra* (1999) 76 Cal.App.4th 57, 64–68, the same court that decided *Keller* considered the propriety of a search condition applied to a person convicted of elder abuse.  The court upheld the condition and noted, "[i]t is clear that *Keller* is inconsistent with the Fourth Amendment jurisprudence since the date of that decision."  (*Id.* at p. 67.)  Among other things, the court observed that a warrantless search condition serves a valid rehabilitative purpose regardless of whether the underlying offense involves theft, narcotics, or firearms.  (*Ibid.*)  In short, given the nature of the three felonies of which Fuentes was convicted, the role that pain medication may have played in the offense, and the state of the law since *Keller* was decided, we are not persuaded that Fuentes's challenge to the search condition presents important constitutional issues meriting further review.

## 2. *Defense Counsel Was Not Ineffective.*

Fuentes attempts to circumvent the forfeiture of his claim by arguing that defense counsel's failure to object to the warrantless search condition amounted to ineffective assistance of counsel.  We are not persuaded.

In order to establish a claim of ineffective assistance of counsel, a defendant bears the burden of demonstrating both that counsel's performance fell below an objective

standard of reasonableness (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688) and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at p. 694; *People v. Ledesma* (2006) 39 Cal.4th 641, 746.) "Unless a defendant establishes the contrary, we shall presume that 'counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy.' [Citation.] If the record 'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' " (*People v. Ledesma, supra,* at p. 746.) Because it is rarely the case that "an appellate record [will] establish ineffective assistance of counsel" (*People v. Thompson* (2010) 49 Cal.4th 79, 122), such claims are "more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 265, 266–267.)

In this case, the record sheds no light on why Fuentes's counsel failed to object to the warrantless search condition. However, there a number of possible explanations for counsel's inaction. In light of Fuentes's multiple felony convictions, his defense counsel may have reasonably believed that the best strategy in order to assure a grant of probation was to accede to the imposition of probation conditions customarily imposed by the courts, such as the search condition here. In addition, defense counsel may have concluded that an objection to the condition would have little likelihood of success in light of case authority upholding warrantless search conditions as a means to ensure that a probationer obeys all laws. (See *People v. Balestra, supra,* 76 Cal.App.4th at p. 67.) It is well settled that counsel is not ineffective for failing to raise an objection that counsel reasonably determines would be fruitless or meritless. (*People v. Ochoa* (1998) 19 Cal.4th 353, 463; *People v. Jackson* (1989) 49 Cal.3d 1170, 1189.)

On this record, we cannot conclude that defense counsel's performance fell below an objective standard of reasonableness. Consequently, Fuentes's ineffective assistance claim lacks merit.

**DISPOSITION**

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.