Filed 7/26/16  In re Carlos R. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re CARLOS R., a Person Coming Under the Juvenile Court Law. | C080666 |
| THE PEOPLE, | (Super. Ct. No. JDSQ-15-74) |
| Plaintiff and Respondent, | |
| v. | |
| CARLOS R., | |
| Defendant and Appellant. | |

Minor Carlos R. admitted a probation violation.  On appeal, he contends one of the resulting modifications to his probation order--the addition of order No. 16--was an abuse of the juvenile court's discretion because it is an unsupported, nonassociation order naming three individuals identified (and described) only by name.  The Attorney General agrees the record is devoid of any support or even foundation for the disputed order.  She allows that "the challenged condition might not pass muster in an adult proceeding," but

1

argues in her briefing that the modification was not an abuse of the juvenile court's broad discretion.[1]

The minor has the better argument. We modify the dispositional orders to strike the challenged portion of order No. 16.

## BACKGROUND

In February 2015, the minor punched his victim in the back of the head. A Welfare and Institutions Code section 602 petition[2] filed in the Sonoma County Superior Court alleged a single count of misdemeanor battery (Pen. Code, § 242). The minor admitted the allegation. The Sonoma County Superior Court then transferred the matter to Yolo County, the minor's county of residence, for disposition.

On April 2, 2015, the Yolo County Juvenile Court adjudged the minor a ward of the court and placed him under the supervision of a probation officer. Included in his probation conditions was a stay-away order from his victim as well as a nonassociation order encompassing gang members known to him or identified as such by the probation officer.

As relevant here, on August 7, 2015, the Yolo County Probation Department (the Department) filed a notice of hearing pursuant to section 777, subdivision (a)(2) alleging multiple probation violations. On August 17, the People moved the juvenile court for a new nonassociation order to be included in the conditions of the minor's probation. Specifically, the People sought an order precluding the minor from associating with an individual we will identify as "I.R.," alleging the minor was wearing gang clothing and had a knife when he was seen with I.R. The People also asked the court to order

---

[1] At oral argument, the Deputy Attorney General appropriately conceded error.

[2] Further undesignated statutory references are to the Welfare and Institutions Code.

2

defendant to stay away from the particular street intersection (Four Corners) where the minor was seen with I.R., as a condition of his probation.

The minor subsequently admitted to a single count of violating his probation. The Department prepared a report filed on September 22, 2015, and included recommended findings and orders. On October 20 at disposition, the juvenile court adopted in large part the recommended findings and orders prepared by the Department. These included an added order No. 16, which precluded the minor from visiting Four Corners as requested by the People, but did not mention I.R., instead precluding the minor from associating with three different individuals (H.R., B.G., and M.W.).

Carlos R.'s counsel objected to order No. 16, asking for "further explanation." Although the probation officer was present at the hearing, only the prosecutor addressed order No. 16, and appeared to have no information, asking "for an opportunity to review" the proposed order. The prosecutor then referenced her August 17 "motion for non-association stay-away" as support for the order, saying that the motion "provide[d] probably the reports to support" the order. To this proffer, defense counsel noted, correctly, that the August 17 motion requested an order for "different names," indirectly referring to the omission of I.R. and the unexplained inclusion of the three additional individuals. The court indicated only that it would "keep 16." Counsel expressed her continued bewilderment and confusion over the names included in order No. 16; however, although the court read the disputed order into the record, it included no additional information about the three individuals named therein.

The minor timely appealed.

## DISCUSSION

The minor contends the juvenile court abused its discretion in ordering him to stay away from the individuals H.R., B.G., and M.W. He argues the record is devoid of any information regarding these individuals and neither the court nor the People nor the probation officer gave any explanation for the nonassociation order. We agree.

3

Generally speaking, "[t]he juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)  In the case of adult probation, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Lent* (1975) 15 Cal.3d 481, 486.)  But a juvenile cannot refuse probation, and a condition deemed too broad for an adult may nevertheless be appropriate for a juvenile.  (*In re Sheena K.,* at p. 889.)

Here, as we have described, absolutely no foundation for the disputed portion of order No. 16 appears in the record.  Although we understand that the minor was required to stay away from gang members identified by the probation officer, nothing in the record provided to us suggests that these three individuals fell into that category.  The probation officer was present at the disposition hearing and provided no justification for the challenged nonassociation order.  Although the prosecutor apparently thought that she had requested the order in her August 17 filing, as we have described, she had not.  In fact, she had requested the order for a different person, I.R., who was not even mentioned in the juvenile court's oral or written orders.  No reference to these three individuals (other than their inclusion in order No. 16) is contained in the record before us.

The Attorney General pointed to nothing that even purports to classify these three individuals as gang members or otherwise support the nonassociation order, admitting "there is no reference to these individuals anywhere in the existing record."  Although we understand and appreciate the breadth of the juvenile court's broad discretion to fashion conditions of probation with the goal of reformation of a juvenile offender, without any foundation for the challenged portions of order No. 16 in the record, we cannot uphold the unsupported nonassociation orders.

4

## DISPOSITION

The dispositional orders are modified to strike the reference to the individuals H.R., B.G., and M.W. from order No. 16.  As modified, the orders of the juvenile court are affirmed.


                                                 _____/s/_____

                                                 Duarte, J.


We concur:


_____/s/_____
Robie, Acting P. J.


_____/s/_____
Renner, J.