Filed 8/27/20  P. v. Bolden CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D077178 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN408406) |
| LEON BOLDEN, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielson, Judge.  Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Plaintiff and Respondent.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Defendant and Appellant.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying convictions are not directly relevant on this appeal. On August 28, 2014, defendant was incarcerated following convictions for infliction of corporal injury on a spouse, and rape by force in violation of Penal Code[1] sections 273.5, subdivision (a) and 261.5, subdivision (a)(2), respectively. On May 18, 2017, he was released on active parole and was required to register as a sex offender pursuant to section 290.

On December 10, 2019, it was discovered by his parole agent that defendant had been registering as a transient with the San Diego Police Department since May 21, 2019. The GPS tracking device on defendant revealed he had been living in Vista since June 16, 2019. He should have registered the Vista address by close of business on June 24, 2019. He last registered as a transient on November 18, 2019.

Defendant was arrested at the Vista address on December 12, 2019, for violating the requirement he register his Vista address. During an interview at the jail, defendant acknowledged his duty to register as a sex offender. The interviewer, a parole agent, read that portion of his sex registration form that indicated it was an offense to provide incorrect information. Defendant stated he did not register the residence in Vista because he did not want his sex offender status to be known to his housemates.

A complaint was filed charging defendant with failing to register with the law enforcement agency having jurisdiction over the new address location, within five working days of moving into a residence address.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

Defendant admitted that he was a person required to register per section 290, and he failed to register within five days of moving into a residence and instead registering as a transient.

The San Diego Probation Department filed a report on January 15, 2020, with the sentencing court, recommending formal probation and all general conditions of probation, as well as GPS tracking if recommended by the probation officer. A sentencing hearing was held January 22, 2020. Defendant objected to being required to submit to requests to search his electronic devices, arguing there was no nexus between that requirement and his criminality. He also argued that he already wears a tracking device which would not end until 2027. He urged any additional devices were unnecessary.

The court awarded defendant probation and suspended imposition of sentence for three years. With respect to electronic devices, the court sustained appellant's objection as to computers and recordable media, but retained the requirement of submitting to cell phone searches because "there is a compelling need to monitor his location in light of the nature of this offense and the violation of his reporting requirements."

Defendant filed a timely notice of appeal.

ANALYSIS

Relying on *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and *In re Ricardo P.* (2019) 7 Cal.5th 1113, defendant challenges probation condition 6n, which requires defendant surrender his cell phone to a search if requested by a probation or law enforcement officer. In this regard, we note the trial court replaced the broader term "electronic devices" which was originally recommended, with the term "cell phone." Thus, recorded media and computers were deleted from the condition. He urges on appeal, that a cell

3

phone is not related to the underlying offenses or his failure to register as a sex offender.

The purpose of requiring Fourth Amendment search waivers as a condition of probation and parole is to determine if the offender is, or is not, complying with the law. (*People v. Olguin* (2008) 45 Cal.4th 375, 380–382.) Such conditions promote rehabilitation and reduce recidivism while at the same time help protect the community from harm by probationers. (*People v. Robles* (2000) 23 Cal.4th 789, 795–796.) To achieve these goals, a sentencing judge is vested with broad discretion to impose "any other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j), also see *Lent, supra,* 15 Cal.3d at p. 486.) Appellate review centers upon whether a probation condition is "arbitrary or capricious" or otherwise "exceeds the bounds of reason, under the circumstances." (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

We conclude condition 6n, as limited to defendant's cell phone, meets the requirements of existing law. It must be remembered that the core of the allegations concerning failure to report is that defendant knew but did not comply with the order that he inform his probation officers of any moves in residence. Here, defendant expressly stated he did not inform his probation officer of the move to Vista because he did not want his housemates to know of his criminal background. Exercising control over defendant's cell phone would not only help supervise where he was living, and whether or not he once again became a transient, but also his current living conditions and

4

address, and his general whereabouts.  These goals were directly and indirectly related to the offense for which he was charged.

Moreover, we see no merit to defendant's argument that probation condition 6n is overbroad.  Generally, any such claim must be made in the trial court, where there is an opportunity to narrow the condition if necessary.  (*People v. Welch* (1993) 5 Cal.4th 228, 234–235.)  Even if a facial challenge to the constitutionality of probation condition 6n could be made for the first time on appeal, this argument by defendant does not raise a pure question of law.  Here, there must be a review of the facts and record in the case.  (*Id*. at pp. 234–237.)  Additionally, one can foresee other clearly appropriate cases where a cell phone condition is useful and reasonable, thus obviating any argument that the condition violates principles of overbreadth as a matter of law.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.

5