Filed 10/28/20  In re Andrea H. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re ANDREA H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDREA H.,<br><br>        Defendant and Appellant. | A157509<br><br>(Contra Costa County<br>Super. Ct. No. J18-00318) |

Andrea H. appeals from a probation condition imposed by the juvenile court requiring her to submit her cell phone and other electronic devices under her control to warrantless searches likely to reveal whether she is complying with the terms of her probation conditions.  Relying on the California Supreme Court's decision in *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), appellant argues, the probation condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and is unconstitutionally overbroad.  Though an electronics search condition is appropriate here, we conclude the condition imposed by the court is too broad.  We therefore strike the condition and remand the matter to the juvenile court to consider imposing a revised condition in light of the principles articulated in *Ricardo P.*

# I. FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2019, at approximately 3:30 p.m., J.C. left Antioch High School and boarded a nearby bus.[1]  At a subsequent bus stop, appellant and another girl boarded the bus and situated themselves in the seat directly in front of J.C.  J.C. recognized appellant and her friend from previous contacts, however, she did not know their names.  Pointing at J.C., appellant asked the other girl, " 'Is that the one?' "  When the second girl replied, " 'Yeah, that's her,' " appellant stood up facing J.C. and began punching J.C. with a closed fist.  Appellant hit J.C. in the face four or five times.  Appellant then stood up on the seat and kicked J.C. twice on the left side of her head, knocking her to the floor.  At this point, the bus driver stopped the bus, walked over to appellant, and told her and the other girl to leave the bus.  The girls complied.

J.C.'s mother reported the incident to police.  Officer Blumberg was dispatched to J.C.'s residence where he observed a large amount of swelling under J.C.'s left eye, which appeared to be swollen shut, and a laceration and abrasion on her forehead above her left eye.  J.C. was treated at a hospital.  Medical records revealed that J.C. was diagnosed with a contusion on the face and a suspected left orbit bone fracture.

Appellant told police she knew J.C. because J.C. was dating an individual, M., who appellant "used to 'talk' to."  When M. started dating J.C., she began teasing appellant on social media.  Appellant told J.C. she would fight her the next time they saw each other.  According to appellant, when she and her friend boarded the bus, she saw J.C. sitting there, and as she walked to her seat, J.C. " 'mugged' " her, apparently meaning she gave

---

[1] The facts of the underlying offense are taken from the probation department's report and recommendation to the juvenile court.

appellant a disapproving look.  After appellant took a seat directly in front of J.C., she turned around and told J.C., " 'I'm going to fight you,' " and then punched J.C. in the face with a closed fist.  J.C. swung back at appellant, hitting her in the upper torso but causing no injury.  Appellant responded by kicking J.C. about two times in the upper chest area.  No words were exchanged during the altercation, and appellant was not injured.  The bus driver stopped the bus and ordered appellant to exit.  She complied.

A wardship petition was filed pursuant to Welfare and Institutions Code, section 602, subdivision (a), alleging appellant committed assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count one).  Later, pursuant to a negotiated plea agreement, the juvenile court granted the prosecutor's oral motion to amend the petition to add a count two, battery causing great bodily injury (Pen. Code, § 243, subd. (d)).  That same date, appellant pleaded no contest to count two, and count one was dismissed.

At the dispositional hearing, the juvenile court adjudged appellant a ward of the court with no termination date, ordered her to reside with her mother, and placed her on probation with various terms and conditions, including an electronics search condition.

## II.  DISCUSSION

Appellant argues the electronics search condition is invalid under *Lent* and *Ricardo P.* and is unconstitutionally vague and overbroad because it infringes on her rights to privacy.

### A.  *Imposition of the Electronics Search Condition*

Following appellant's plea of no contest, on May 6, 2019, to battery causing great bodily injury, defense counsel told the court that appellant, "to avoid future situations . . . she'd like to delete all her social media accounts as

soon as she gets released." The court released appellant from custody and, pending the disposition hearing, ordered her not to use social media.

Just two days later, on May 8, 2019, a deputy probation officer filed a "Violation of Court Order/Home Supervision Violation" describing that "just a few hours after [appellant's] release, this deputy received information that [appellant] had used social media. A subsequent search of Instagram revealed two accounts attributed to [appellant], and indications that she had used Instagram on 5-6-19." When the probation officer met with appellant to discuss her failure to follow the terms of her release, appellant acknowledged she had posted on Instagram, but claimed she did it only to inform her friends she would not be using social media. Appellant also acknowledged she had made a poor decision. A search of appellant's Instagram account and cell phone showed no inappropriate contact with the victim. That same day, appellant appeared in juvenile court and was admonished by the court for not abiding by the conditions of her release.

For the dispositional hearing, the probation department filed its "Report and Recommendation to the Juvenile Court." Among other conditions of probation, the report recommended that the trial court impose the following search condition: "Submit your cell phone and any other electronic device under your control to a search of any medium of communication *reasonably likely to reveal whether you are complying with the terms of your probation*, with or without a search warrant, at any time of the day or night. Such medium of communication includes text messages, voicemail messages, call logs, photographs, email accounts, and other social media accounts and applications such as Snapchat, Instagram, Facebook and Kik. You shall provide access codes to the Probation Officer or any other peace officer upon request to effectuate such search." (Italics added.)

4

During the dispositional hearing, defense counsel objected to the electronics search condition. Counsel argued there was no allegation appellant posted, videotaped, or talked about the fight on social media, and thus no "nexus under *Lent*." The prosecutor responded appellant had violated the court's prior order not to go on social media. Moreover, the prosecutor argued, "[T]he electronics had some basis in what prompted the attack. I think there was some gossip or bullying, according to [appellant], going on, and I think that was through social media." The prosecutor believed the electronics search clause was proper to monitor appellant and "make sure she's complying with the Court's other orders."

After explaining to appellant that cyberbullying cannot "justify actual bullying," the court eventually imposed the electronics search condition, indicating it was "very clear" that the "origins of the problems" leading to the criminal activity were "on the Internet." "Cyberbullying," according to the court is a "two-way street perhaps" and if "that happened in some way, then [the] probation department will become aware of it through such a search, and it may go one way or another. It may be evidence that [appellant] is involved with it or that she's not involved with it and is a victim of such activity. But it is necessary and it is related to this case very clearly as this had been mentioned several times by the mother."

## B. *Applicable Law*

By statute, probation conditions must be "reasonable." (Pen. Code, § 1203.1, subd. (j); Welf. & Inst. Code, § 730, subd. (b).) A reviewing court may not strike a probation condition as unreasonable unless it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P., supra,*

5

7 Cal.5th at p. 1118; *Lent, supra,* 15 Cal.3d at p. 486.) The three-part test, commonly referred to as the *Lent* test, applies to juvenile and adult probation cases. (*Ricardo P.,* at pp. 1118–1119.) We review the juvenile court's imposition of probation conditions for abuse of discretion. (*Id.* at p. 1118.)

In *Ricardo P.,* the California Supreme Court addressed an electronics search condition imposed on a juvenile probationer who had admitted to participating in two felony burglaries where there was no evidence of the use of electronic devices. (*Ricardo P., supra,* 7 Cal.5th at p. 1115.) The electronics search condition at issue in *Ricardo P.* required the juvenile probationer to submit all his electronic devices and passwords to warrantless searches at any time. (*Id.* at pp. 1116–1117, 1122–1123.) The juvenile told the probation officer he was not thinking when he committed the burglaries and had " 'stopped smoking marijuana after his arrest because he felt that [it] did not allow him to think clearly.' " (*Id.* at p. 1116.) Addressing a *Lent* objection, the juvenile court found the condition reasonably related to preventing future crime because " 'minors typically will brag about their marijuana usage . . . by posting on the Internet' " and the juvenile's statement to the probation officer had " 'made reference to the fact that marijuana was involved in the commission of this offense.' " (*Ricardo P.,* at p. 1117.)

In its review of the probation condition, our Supreme Court focused its analysis on the third prong of the *Lent* test—whether the condition was reasonably related to future criminality. (*Ricardo P., supra,* 7 Cal.5th at p. 1119.) The court held that the third *Lent* prong requires a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ricardo P.,* at p. 1122.) The court therefore rejected the argument that any search condition that

6

facilitated supervision of probationers is necessarily reasonable. It observed this justification could support sweeping conditions, such as mandating that probationers wear 24-hour body cameras, that would not be reasonable because "the burden on the probationer would be disproportionate to the legitimate interest in effective supervision." (*Id*. at p. 1125.)

The Supreme Court concluded the electronics search condition imposed in *Ricardo P.* lacked the requisite proportionality because it was "far more burdensome and intrusive" than probation conditions it had previously found reasonable. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1124, 1126 [distinguishing electronics search condition from notification requirement in *People v. Olguin* (2008) 45 Cal.4th 375].) The court reasoned the "sweeping" electronics search condition imposed on the juvenile significantly burdened his "privacy interests" and thus "requires a correspondingly substantial and particularized justification." (*Ricardo P.*, at pp. 1122–1123,1126.) It stated, "[A] juvenile court imposing such a condition must consider whether, in light of 'the facts and circumstances in each case' [citation], the burdens imposed by the condition are proportional to achieving some legitimate end of probation." (*Id*. at p. 1127.)

Applying this proportionality standard, the court found the record did not reflect a substantial and particularized justification for imposing the expansive electronics search condition. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1124.) The court also addressed the justification used by the juvenile court that the electronics search condition was reasonable based on the juvenile court's observations that the juvenile probationer had used drugs, and in general, minors typically bragged about drug usage by posting pictures on the Internet. (*Id*. at pp. 1122–1123.) The Supreme Court concluded this "very

limited justification" was insufficient to justify the "very heavy burden on privacy" imposed by the probation condition. (*Id*. at p. 1124.)

While the Supreme Court made clear it was not categorically barring all electronics search conditions, based on the record before it, it ruled the burden imposed by the electronics search condition on the juvenile's privacy was "substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society." (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1119, 1128.) It therefore struck the electronics search condition and remanded the case for further proceedings. (*Id*. at p. 1129.)

Following the issuance of *Ricardo P.*, *In re Alonzo M.* (2019) 40 Cal.App.5th 156 (*Alonzo M.*) applied the *Ricardo P.* standard in considering the propriety of an electronics search condition. The *Alonzo M.* court held that an electronics search condition could properly be imposed for the juvenile court's stated purpose of addressing the minor's admitted susceptibility to negative peer influences, but struck the condition as imposed because its terms were not limited to monitoring his social contacts, instead allowing searches of " 'any medium of communication reasonably likely to reveal whether you're complying with the terms of probation.' " (*Alonzo M.*, at pp. 163, 166–167.) Holding that the condition "burden[ed] Alonzo's privacy in a manner substantially disproportionate to the probation department's legitimate interest in monitoring Alonzo's compliance with the stay-away orders," the Court of Appeal struck the condition and remanded the case for the juvenile court to consider imposing an electronics search condition more narrowly tailored to searches of communications reasonably likely to reveal whether the minor was associating with prohibited persons. (*Id*. at p. 168.)

We now turn to whether the electronics search condition imposed on appellant here is unreasonable based on the standards articulated by the California Supreme Court in *Lent* and *Ricardo P.*

## C. Analysis

The parties do not dispute that the electronics search condition satisfies the first two prongs of the *Lent* test, and we agree. The condition does not relate to appellant's conviction for battery causing great bodily injury. Nor does the condition relate to conduct that is inherently criminal— the use of electronic devices. Thus, as in *Ricardo P.*, the issue in this appeal turns on the third prong of the *Lent* test: whether the condition " 'requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486.)

Applying the standards articulated in *Ricardo P.* and *Lent*, we conclude the electronics search condition, as presently worded, is not reasonably related to appellant's future criminality. As in *Ricardo P.*, the plain language of the condition is expansive and "too broad to survive scrutiny" (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 167) because it authorizes a search of any medium of communication reasonably likely to reveal whether appellant is complying with any of the terms of her probation, rather than those reasonably tied to the use of electronics in view of appellant's criminal conduct. The overbroad nature of this probation condition, however, does not foreclose the possibility the juvenile court could impose a more narrowly tailored electronics search condition on appellant.

In this regard, we find *In re Amber K.* (2020) 45 Cal.App.5th 559 (*Amber K.*) instructive and similar in many aspects to the instant matter. In *Amber K.*, Division Two of this court considered an almost identical search condition. There, Amber snuck up behind another student, grabbed her hair,

9

and pulled her down a small flight of stairs.  After the victim fell on her back, Amber got on top of her and began punching her with a closed fist, and when the victim tried to stand up, Amber stomped on the side of her face near her eye.  (*Id.* at p. 562.)  Two videos of the attack taken "on students' cell phones" were introduced into evidence.  (*Ibid.*)  Amber testified that the victim, on several occasions, threated to "stomp her face in," once over the phone, once over Snapchat, and several times when she walked past the victim.  (*Ibid.*)  The juvenile court found that Amber had committed assault with force likely to produce great bodily injury.  (*Id.* at pp. 561, 563.)  The court placed her on probation with an electronics search condition, which like here, required Amber to " 'submit her cellphone or any other electronic device under her control to a search of any medium of communication reasonably likely to reveal whether she is complying with the terms of her probation, with or without a warrant at any time of the day or night.' "  (*Id.* at p. 564.)

The appellate court determined the first prong of *Lent* was satisfied because the record did not "show a relationship between [Amber's] use of electronic devices and the offending conduct sufficient to justify the electronic[s] search condition."  (*Amber K.*, *supra*, 45 Cal.App.5th at p. 565.)  Although the court noted "the record suggests that the assault resulted from hostility between Amber and [the victim] that had played out in part over social media, we are not persuaded by the Attorney General's contention that 'substantial evidence in the record connects appellant's use of electronic devices and social media to the assault.' "  (*Ibid.*)  Because Amber's use of electronic devices is "obviously not in itself unlawful," the court concluded the second *Lent* prong was satisfied.  (*Amber K.*, at p. 566.)

Turning to the third *Lent* prong, the court observed that Amber had previously violated the juvenile court's stay-away order, and that she had

expressed hostility toward the victim in face-to-face contact and in social media posting after the assault. And the juvenile court made clear in a condition of probation that Amber was prohibited from having contact with the victim. (*Amber K.*, *supra*, 45 Cal.App.5th at p. 567.) In these circumstances, according to the appellate court, "even in the absence of evidence that Amber ever used electronic devices for any other purpose, we see no abuse of discretion in the juvenile court imposing an electronic[s] search condition to make sure that Amber has no contact with [the victim]." (*Ibid.*) Nonetheless, the court concluded the juvenile court "went further, by authorizing electronic searches for the broader purpose of insuring Amber was complying with all the probation conditions." (*Ibid.*) Although the juvenile court "tailored the condition by identifying examples of the types of communication subject to search," the court opined "the condition was broadly worded to cover media 'reasonably likely to reveal whether she is complying with the terms of her probation,' not limited to the term that Amber have no contact with [the victim]." (*Ibid.*) The Court of Appeal further concluded " '[t]his wide-ranging search clause burdens [Amber's] privacy in a manner substantially disproportionate to the . . . legitimate interest in monitoring [her] compliance with' the no-contact order' " (*Ibid.*) The court struck the electronics search condition but remanded the case to the juvenile court "to consider whether to impose a revised condition consistent with this opinion." (*Id.* at p. 568.)

In considering *Amber K.*'s application to the instant matter, we first note the factual similarities between the two cases. In both cases, the minors violently assaulted another student after they were bullied on social media, and each claimed they had been provoked—appellant claimed that J.C. " 'mugged' " her (i.e., made a disapproving face at her) when she boarded the

11

bus, and Amber claimed she walked by the victim who threatened to stomp her face in. An almost identical electronics search condition was imposed in both matters. And in each case, the juvenile court ordered the minors not to have contact with the victims.

Appellant seeks to distinguish *Amber K.* by arguing that in the instant matter, "there is no history of appellant violating the court's stay away order, as was the case in *Amber K.*" Rather, appellant argues the juvenile court's justification here for the electronics search condition was "the victim used social media *before* the battery." That J.C. bullied appellant on social media, does not, appellant argues, provide any real or substantial nexus to the electronics probation condition. Given the factual similarities between *Amber K.* and this case and the purpose behind the imposition of almost identical electronics search conditions to prohibit and prevent contact between the minors and the respective victims, we are not persuaded these distinctions are noteworthy.[2]

Even though there was no evidence appellant used any electronic devices in connection with the incident, pursuant to *Amber K.*, we too conclude under the circumstances presented here, that the juvenile court did not abuse its discretion by imposing an electronics search condition to ensure, under the no-contact probation condition, that appellant has no further dealings with J.C. Nonetheless, like *Amber K.*, we believe the court went too far by authorizing electronics searches for the broader purpose of ensuring appellant complies with all the conditions of probation because "[t]his wide-

---

[2] Although the juvenile court did not state its purpose in imposing the electronics search condition, several can be discerned based on the record, one of which is to monitor "other conditions of probation that are appropriate in light of the individual's misconduct or personal history." (See *Alonzo M., supra,* 40 Cal.App.5th at p. 168, fn. 3.)

12

ranging search clause burdens [appellant's] privacy in a manner substantially disproportionate to the . . . legitimate interest in monitoring [her] compliance with" the no-contact probation condition.  (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 168.)  Accordingly, we strike the electronics search condition and remand to the juvenile court to consider whether to impose a narrowed condition.

### III.  DISPOSITION

The disposition order is affirmed, except that the electronics search condition is stricken.  The matter is remanded to the juvenile court to consider whether to impose a revised condition consistent with this opinion.

MARGULIES, J.

WE CONCUR:

HUMES, J.

BANKE, J.

A157509
*In re Andrea H.*