Filed 6/16/23  P. v. Escobar CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324277 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA120181) |
| v. | |
| MELODY ESCOBAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge. Affirmed in part; reversed in part and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Melody Escobar pled no contest to one count of taking or driving a vehicle without permission. The trial court placed her on two years formal probation. One of the conditions of probation required defendant to submit to the search and seizure of all electronic devices. Defendant's sole contention on appeal is that the electronics search condition is overbroad and not reasonably related to the underlying crime or preventing future criminality.

We strike the electronics search condition as phrased based on overbreadth and remand with directions for the limited purpose of allowing the trial court the opportunity to impose a more narrowly tailored electronics search condition. We otherwise affirm the judgment of conviction.

## FACTUAL AND PROCEDURAL SUMMARY

Defendant was charged, along with codefendant Luis Armando Morales, with carjacking (Pen. Code, § 215, subd. (a); count 1). Codefendant Morales was charged with three additional felonies, including assault with a semiautomatic firearm.

The charges arose from an incident that occurred in July 2022. Defendant asked the victim for a ride to her home, which was only about a block away. When the victim stopped his car in front of defendant's apartment building, Morales drove up and parked right behind him. Morales got out and confronted the victim, pointing a gun at him and telling him to get out of the car and hand over the keys or he would kill him. In fear for his life, the victim complied. Defendant and Morales then walked into the apartment building where defendant lived. The next day, the victim saw defendant driving his car and contacted the police. When the police detained defendant driving the victim's car, she was found in possession of a glass pipe and two baggies containing a substance resembling methamphetamine.

2

On August 24, 2022, the court granted the prosecution's motion to amend the complaint by interlineation to add a count charging defendant with driving or taking a vehicle without permission (Veh. Code, § 10851, subd. (a); count 5). Defendant pled no contest to count 5. The court accepted defendant's waivers on the record, found them to be made voluntarily and knowingly and, with counsels' stipulation, found a factual basis for the plea.

Defendant had no prior criminal history and no known involvement with gangs. The court placed defendant on two years of formal probation. Defendant was ordered to serve 210 days in county jail and was credited with 20 days of presentence custody credits (10 actual, 10 conduct). The court imposed various terms and conditions of probation, including that defendant not use or possess any controlled substances and not associate with any persons known to her to be users or sellers of controlled substances.

Over defense counsel's objection, the court also ordered that defendant must submit herself and her property "at any time, day or night" to search and seizure "including electronic searches." After defense counsel objected to including defendant's electronic devices in the search condition, the court did not articulate any reason why the search condition was reasonable under the circumstances.

This appeal followed.

## DISCUSSION

Defendant contends the court's electronics search condition is overbroad and that there is no evidentiary basis in the record for imposing it. We review conditions of probation under the deferential abuse of discretion standard. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) "Specifically, we review a probation condition 'for an indication that the condition is

3

"arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ibid*.)

In selecting probation as the appropriate sentence, the trial court may impose such "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).)

Where, as here, a condition of probation requires or forbids conduct that is not itself criminal, the condition is nonetheless valid " 'if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) A reviewing court will not invalidate a condition of probation " 'unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ibid*., quoting *People v. Lent* (1975) 15 Cal.3d 481, 486.) All three elements, of what is commonly referred to as the *Lent* test, must be satisfied for the condition to be found invalid. (*Ricardo P.,* at p. 1118.) "[T]he *Lent* test governs in juvenile and adult probation cases alike." (*Id*. at p. 1119.)

In *Ricardo P*., the minor admitted two counts of felony burglary and was placed on probation. (*Ricardo P*., *supra*, 7 Cal.5th at p. 1115.) There was no evidence the minor used an electronic device during the commission of the burglaries or was on drugs or high at the time. The minor had told the probation officer he had stopped smoking marijuana because he said he did not think clearly when he used it. (*Id*. at pp. 1115-1116.) The juvenile court imposed as conditions of probation various prohibitions against using illegal

4

drugs and also required the minor to submit to warrantless searches of his electronic devices at any time.  (*Ibid*.)  The court imposed the electronics search condition to facilitate the monitoring of the minor's compliance with the other terms and conditions of his probation.  (*Ibid*.)

The minor challenged the electronics search condition on appeal, but the Court of Appeal upheld the condition, reasoning "that the electronics search condition 'is reasonably related to enabling the effective supervision of [the minor's] compliance with his other probation conditions,' namely, the various drug-related conditions."  (*Ricardo P., supra*, 7 Cal.5th at p. 1117.)

The Supreme Court reversed, concluding that the burden imposed on the minor's privacy by the unlimited search condition on his electronic devices was "substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society."  (*Ricardo P., supra*, 7 Cal.5th at p. 1119.)

*Ricardo P.* explained that requiring a probationer to submit all electronic devices to a search at any time "significantly burdens privacy interests."  (*Ricardo P., supra*, 7 Cal.5th at p. 1123.)  When compared to traditional searches of homes or property routinely allowed as reasonable probationary conditions, the search of an electronic device presents the potential for a significantly greater breadth of access to large amounts of information and data.  (*Id*. at p. 1127.)  The plain language of an unlimited search condition would allow a probation officer full access to the probationer's e-mails, text messages, internet search histories, social media accounts, photographs, videos, personal exchanges with third parties, and other private information and data stored or accessible through health and financial applications.  (*Id*. at p. 1123.)  Such a broad and open-ended search condition cannot be justified on the

ground that it may enhance the " 'effective supervision of a probationer.' " (*Id*. at p. 1127.)

The court may be justified in crafting a more limited electronics search condition that is tailored to the facts and focused on defendant's potential for future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122 ["courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense"].) But the current unlimited search condition is overbroad and cannot stand.

## DISPOSITION

The electronic search condition as phrased is stricken as overbroad. The matter is remanded for the limited purpose of allowing the trial court to exercise its discretion to impose a more narrowly tailored electronic search condition that is reasonably related to preventing future criminality within the meaning of *Ricardo P.*, *supra,* 7 Cal.5th 1113.

In all other respects, the judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.



VIRAMONTES, J.


6