Filed 9/24/20  In re R.R. CA6
Inadvertently not posted on 9/24/20

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | H047519 (Monterey County Super. Ct. No. 19JV000855) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>R.R.,<br><br>        Defendant and Appellant. | |

The minor, R.R., admitted to aiding and abetting the commission of the substantive offense of active participation in a criminal street gang.  The juvenile court declared him a ward and placed him on probation.  On appeal from the dispositional order, the minor challenges two of his probation conditions—one requiring him to submit to warrantless searches of his electronic devices and one requiring him to complete a drug and alcohol class—as unreasonable.  He also asserts an overbreadth challenge to the electronic search condition.  We will reverse the dispositional order and remand the matter to the juvenile court with instructions to strike the electronic search condition and to consider whether to impose a more tailored condition consistent with the principles articulated in *In re Ricardo P*. (2019) 7 Cal.5th 1113 (*Ricardo P*.).

## I.  BACKGROUND

We take the facts from the probation report.

After school on September 18, 2019, the minor—an eighth grader—and three of his friends got into a fight with two seventh graders.  One of the minor's friends (A.E.) called the victims "scraps" during the fight.  "Scrap" is a derogatory term Norteño gang members use to refer to Sureño gang members.  (*People v. Prunty* (2015) 62 Cal.4th 59, 68.)  The minor and his three friends were arrested.  Another of the minor's friends (S.M.) indicated that he affiliates with a Norteño subset when he was booked into juvenile hall.

In September 2019, the Monterey County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) alleging that the minor had committed assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4);[1] count 1) and the substantive offense of active participation in a criminal street gang (§ 186.22, subd. (a); count 2).  The petition alleged that the minor committed the assault for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)).

On October 10, 2019, the minor admitted that he aided and abetted the commission of the substantive offense of active participation in a criminal street gang. The juvenile court determined the offense to be a felony.

At a dispositional hearing on November 1, 2019, the court declared the minor a ward of the juvenile court, placed him on probation, and ordered him to serve 17 days in juvenile hall with credit for 17 days served.  The court imposed various probation conditions, including two conditions to which the minor's counsel objected.  The first objected-to condition requires the minor to "[s]ubmit all electronic devices under [his] control to a search by the probation officer or a peace officer, of any text messages,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

voicemail messages, call logs, photographs, e-mail accounts, Internet sites and social media accounts, with or without reasonable or probable cause or the benefit of a search warrant, at any time of the day or night and provide the probation or peace officer with any passwords necessary to access the information specified, . . . not [to] change or add any email addresses or passwords without prior permission of [his] Probation Officer," and not to "knowingly clean or delete his . . . Internet browsing history without prior permission from [his] Probation Officer."  We refer to this condition as the electronic search condition.  The second objected-to condition requires the minor to "participate in and complete a drug/alcohol program or class."  The court also imposed gang conditions[2] and conditions prohibiting the minor from contacting the victims and from associating or communicating with the other minors with whom he was arrested.

The minor timely appealed.

## II.    DISCUSSION

### A.    *Challenges to the Electronic Search Condition*

The minor challenges the electronic search condition as invalid under *People v. Lent* (1975) 15 Cal.3d 481 and *Ricardo P*. and as unconstitutionally overbroad.

---

[2] The court imposed the following gang terms and conditions:  "15. You are not to be out of your home between 8:00 p.m. and 6:00 a.m. unless accompanied by your mother/father or legal guardian(s), without approval of the Probation Officer. [¶]  16. You are not to associate with anyone known to you to be a member of any gang as directed by your Probation Officer.  [¶]  17. You are not to knowingly possess, display, or wear any insignia, clothing, logos, emblems, badges, caps, hats, scarves, bandannas, music, or buttons, or display any gang signs, drawings, graffiti, text messages, or gestures, which you know or the Probation Officer informs you to be criminal-street-gang-related or any item identified by your Probation Officer as posing a threat to your successful completion of probation.  [¶]  18. You shall not visit or remain in any specific locations known by you to be identified as gang gathering areas, areas where gang members or associates are congregating or areas specified by your Probation Officer as involving gang related activity, nor shall you knowingly participate in any gang activity. For the purpose of this condition, 'gang' refers to a criminal street gang as defined by Penal Code Section 186.22, subdivision (f)."

We review probation conditions for abuse of discretion. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) Under *Lent*, a condition of probation will be held invalid where it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*Ibid*.) All three prongs must be satisfied for a reviewing court to invalidate a probation condition. (*Ibid*.)

First, we consider whether the challenged electronic search condition is related to the minor's offense of aiding and abetting participation in a criminal street gang. There is no evidence that the minor used an electronic device in connection with the underlying fight. Indeed, the record is silent as to the minor's use of electronic devices, electronic means of communication, and social media. At the dispositional hearing, the prosecutor asserted that cell phone videos of the fight exist. And he argued generally that gang members post and share videos of themselves jumping other kids and being violent on social media to intimidate, although it is not clear from the record whether that happened here. The prosecutor did not suggest that the minor himself shared, posted, or took any of the videos (presumably he did not film them given that he participated in the incident being recorded). The mere fact that some unknown person used an electronic device to record the commission of the offense does not establish a connection between the offense and the electronic search condition. Accordingly, we conclude that the electronic search condition has no relationship to the minor's offense.

As to the second prong, the electronic search condition relates to legal conduct— namely, the use of electronic devices, sending and receiving text and email messages, receiving voicemail messages, making and receiving phone calls, possessing digital photographs, using the Internet and social media sites in particular, changing Internet passwords, and deleting Internet browsing history.

Finally, we consider whether the record supports the conclusion that the electronic search condition is reasonably related to future criminal activity by the minor.

In *Ricardo P*., our Supreme Court held that "*Lent*'s third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Ricardo P*., *supra*, 7 Cal.5th at p. 1121.) Rather, it "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id.* at p. 1122.)

*Ricardo P*. considered the validity of an electronic search condition requiring the minor in that case to " '[s]ubmit . . . electronics including passwords under [his] control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night.' " (*Ricardo P*., *supra*, 7 Cal.5th at pp. 1116-1117.) The condition had been imposed, not based on any evidence that the minor had "ever used an electronic device or social media in connection with criminal conduct," but because the minor "had previously used marijuana" and the juvenile court believed that " 'minors typically will brag about their marijuana usage . . . by posting on the Internet . . . .' " (*Id*. at p. 1122.) Accordingly, the juvenile "court reasoned that the electronics search condition '[was] reasonably related to enabling the effective supervision of Ricardo's compliance with his other probation conditions,' namely, the various drug-related conditions." (*Id*. at p. 1117.) Our Supreme Court concluded the condition was invalid under *Lent*. The *Ricardo P*. court noted that the condition imposed "a very heavy burden on [the minor's] privacy [interests] with a very limited justification. This disproportion [led the court] to conclude . . . that the electronics search condition [was] not ' "*reasonably* related to future criminality." ' " (*Id*. at p. 1124.)

This case involves an electronic search condition that, like the one at issue in *Ricardo P*., would require the minor "to provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, and search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles."

(*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.) "Such a condition significantly burdens privacy interests." (*Ibid*.)

The Attorney General argues that burden is justified because the condition "allows the probation officer access to verify if appellant is complying with stay-away orders and gang prohibitions that seek to limit his future criminality." "Facilitating supervision of a probationer does not automatically make a condition reasonably related to future criminality." (*In re David C*. (2020) 47 Cal.App.5th 657, 665.) We acknowledge that keeping the minor away from "negative social influences"—like the minors with whom he was arrested and gangs—"is a legitimate rehabilitative interest that a properly drawn electronic search term can serve." (*In re Alonzo M*. (2019) 40 Cal.App.5th 156, 167 (*Alonzo M*.).) However, the electronic search condition at issue here, like the one in *Ricardo P*., is "expansive in its scope: It allows probation officers to remotely access [the minor's] e-mail, text and voicemail messages, photos, and online accounts, including social media like Facebook and Twitter, at any time. It would potentially even allow officers to monitor [the minor's] text, phone, or video communications in real time. Further, the condition lacks any temporal limitations, permitting officers to access digital information that long predated the imposition of [the minor's] probation." (*Ricardo P*., *supra*, 7 Cal.5th at p. 1127.) It is not limited to ensuring compliance with the stay-away orders and gang prohibitions. For these reasons, we conclude that the electronic search condition is disproportionate to the probation department's legitimate interest in monitoring the minor's compliance with the stay-away orders and gang conditions.

We shall strike the electronic search condition and remand the matter to the juvenile court to consider whether to impose a more limited condition that burdens the minor's privacy in a manner that is substantially proportionate to the legitimate interests it serves. (See *Alonzo M*., *supra*, 40 Cal.App.5th at p. 168 [remanding for the juvenile court to impose a more narrowly tailored electronic search condition]; *In re Amber K*. (2020) 45 Cal.App.5th 559, 567-568 [same].) Given our conclusion that the electronic

6

search condition is invalid under *Lent* and *Ricardo P.*, we need not reach the minor's claim that the condition is unconstitutionally overbroad. (See *Alonzo M.*, *supra*, at p. 168 & fn. 2.)

### B. Challenge to the Drug and Alcohol Probation Condition

The minor also challenges under *Lent* and *Ricardo P.* the probation condition requiring him to participate in and complete a drug and alcohol program or class. While there is no indication that drugs or alcohol were involved in the fight, the minor admitted to the probation department that he drank alcohol once and smoked marijuana twice at age 12. The minor turned 13 years old shortly before the fight.

The minor argues that the drug and alcohol condition is related to conduct that is not in itself criminal—satisfying *Lent*'s second requirement for invalidating a probation condition—because attending a drug and alcohol class is not required by law. That may be. But consuming drugs and alcohol, as the minor admittedly has in the recent past, is illegal for minors. Accordingly, the drug and alcohol condition relates to criminal conduct. (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 710 [condition requiring minors to undergo urine testing for drugs and alcohol held valid under *Lent* in part because it relates to conduct which is in itself criminal].) Because the second prong of *Lent* is not satisfied, the condition is valid.

## III. DISPOSITION

The dispositional order is reversed. The matter is remanded to the juvenile court with directions to strike the electronic search condition (condition No. 32) and to consider whether to impose a more tailored condition consistent with *Ricardo P.*

_____

ELIA, J.

WE CONCUR:


_____

PREMO, Acting P.J.


_____

BAMATTRE-MANOUKIAN, J.


*People v. R.R.*
H047519