Filed 2/11/21  P. v. Ashton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK ASHTON,<br><br>    Defendant and Appellant. | D077343<br><br>(Super. Ct. No. SCD284179)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on February 8, 2021, be modified as follows:

On page 4, the second sentence in the paragraph under the heading DISPOSITION is deleted.  The paragraph now reads as follows:

The portion of probation condition No. 6n relating to electronic devices is stricken.  As modified, the judgment is affirmed.

BENKE, Acting P. J.

Copies to:  All parties

Filed 2/8/21  P. v. Ashton CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| THE PEOPLE, | D077343 |
|---|---|
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD284179) |
| MARK ASHTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed in part, reversed in part.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Lise Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

FACTUAL BACKGROUND

According to the probation report filed in this case, a law enforcement officer responded to a call of an intoxicated motorist at a Poway carwash

after an employee of the carwash reported the motorist had driven his car into a trash can. The responding officer found defendant, Mark Ashton, who appeared to be intoxicated, inside an automobile that had been reported stolen. Defendant stated that he and a friend had been drinking when they found the car at a trolley station with the keys inside; and that they drove the car to the carwash and his friend left. A field sobriety test was administered to defendant, which he failed. Two hours later, defendant's blood reflected an alcohol level of .047 percent as well as the presence of benzodiazepines.

PROCEDURAL BACKGROUND

Defendant was charged by the San Diego County District Attorney with felony taking or driving a vehicle without consent in violation of Vehicle Code[1] section 10851, subdivision (a), count 1; with receiving a stolen vehicle in violation of Penal Code section 496d, count 2; and with driving under the influence of alcohol in violation of section 23152, subdivision (a), count 3, with a prior conviction within the meaning of section 23540; and with driving with his license suspended for driving under the influence, in violation of section 14601.2, subdivision (a), count 4.

Pursuant to a plea agreement, defendant pled guilty to counts 1 and 3, which were amended to allege driving under the influence of alcohol and drugs, in violation of section 23152, subdivision (g), and he admitted the prior conviction for driving under the influence. Probation was granted and the remaining charges were dismissed.

At the sentencing hearing, the trial court granted defendant probation with terms that included 365 days in custody against which he was awarded a combined total of 100 actual and 100 conduct presentence custody credits.

---

[1] Further unspecified statutory references are to the Vehicle Code.

Probation No. 6n included a waiver of defendant's Fourth Amendment rights, allowing searches of his person and property, including computers and recordable media. Defense counsel objected that the condition was too broad under *People v. Lent* (1975) 15 Cal.3d 481. The court denied the request to strike the electronic searches but amended condition No. 6n to apply to all electronic devices and passcodes to those devices.

DISCUSSION

Relying principally on *In re Ricardo P*. (2019) 7 Cal.5th 1113 (*Ricardo P*.), defendant contends probation condition No. 6n is too broad in extending to all his electronic devices. We agree.

In setting the conditions of probation, the trial court noted defendant was receiving substance abuse treatment and thus his future criminality needed to benefit from the conditions set for probation. As noted by defendant, the trial court did not expressly state how condition No. 6n is related to the offenses with which he was charged or convicted. He therefore contends the entire electronic-device condition should be stricken. The People generally agree that search of all his electronic devices is too broad, but argue the condition should be narrowed to the electronics search of his phone and text and e-mail messages. The basis on which they rely is that such a narrow condition would respond to his general success on parole, *in particular*, as it would address supervising his alcoholism and addiction. The People do not argue that defendant used any electronic device to steal the vehicle in which defendant was found here.

The basis on which the People find condition No. 6n applicable and helpful is nearly identical to the failed basis in *Ricardo P*. (*Ricardo P*., *supra*, 7 Cal.5th at p. 1115 [search of electronics not related to offense but added to monitor compliance with drug prohibition].) Like the situation in *Ricardo P*.,

3

the condition here is based on mere speculation defendant will use his electronic devices to document or discuss alcohol or drug abuse. (See *id*. at pp. 1123–1124.) As such, there is nothing in this record that establishes a connection between the search condition and defendant's criminal conduct or personal history. (*In re Alonzo M.* (2020) 40 Cal.App.5th 156, 166.)

We conclude that the portion of probation condition No. 6n relating to electronic devices must be stricken.

## DISPOSITION

The portion of probation condition No. 6n relating to electronic devices is stricken. The trial court should prepare an amended abstract of judgment with this change and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

DATO, J.

DO, J.

4