Filed 4/28/21  P. v. Thomas CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>COOPER THOMAS,<br><br>    Defendant and Appellant. | D077371<br><br><br>(Super. Ct. No. SCD284533) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Karissa Adame, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

### BACKGROUND

On December 14, 2019, defendant entered a clothing store on Fifth Avenue in downtown San Diego.  He took multiple pairs of socks worth over

$40. The store supervisor observed defendant and tried to stop him. However, defendant swung his arm, struck and injured the supervisor's nose and face. Defendant then fled from the store. This conduct was captured on surveillance cameras and the supervisor provided the footage to the police. The supervisor also provided the police with a photograph showing defendant loitering outside the store. In a photo lineup provided by the police, the supervisor identified defendant as the person who took the socks and injured her on December 14. The police used defendant's photograph to create and then send out a bulletin to law enforcement. An officer recognized defendant's photo as someone he had arrested for public intoxication on December 13. On December 19, another officer spotted defendant walking down Fourth Avenue in San Diego and, recognizing him from the bulletin, arrested him.

The store manager provided a record of the store's economic loss and indicated defendant had stolen from the store multiple times.

Defendant was charged in an information filed by the San Diego District Attorney with robbery in violation of Penal Code[1] section 211 (count 1) and grand theft from the person of another in violation of section 487, subdivision (c) (count 2).

By way of a negotiated plea bargain, and pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*), defendant pleaded guilty to grand theft from the person of another. The plea pursuant to *West* did not admit a factual basis for the plea. The People in return, dismissed the robbery count. They stipulated to having no opposition to local time, with release to a behavioral health program, and termination of probation in six misdemeanor cases.

---

[1]    Further statutory references are to the Penal Code.

Defendant was sentenced to one year in jail, thereafter being set for release to an authorized behavioral health program, and placed on formal probation for three years with certain terms and conditions, including an electronic device search waiver condition.

Defendant filed a timely notice of appeal.

DISCUSSION

As he did at the time of sentencing, defendant challenges on appeal probation condition No. 6n, which requires he submit his "person, vehicle, residence, property, personal effects, computers, and recordable media including electronic devices  to search at any time with or without a warrant, and without reasonable cause, when required by (probation officer) or law enforcement officer."  The waiver embodied in condition No. 6 did not apply to medical, legal,  financial records, and any data before defendant's acceptance of probation.  Defendant contends that even so limited, the condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*) and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*)  The court noted defendant was the subject of six prior misdemeanor convictions and throughout the processing of those cases, defendant failed to give any consistent name, birthdate or place of birth to the probation department.  Therefore, the court system could not connect the names to prior or existing cases.[2]  The trial courts and probation were finding it very difficult to monitor him.  With respect to these cases, not including the stay-away order in this case, there were at least two other stay-away orders issued.

With respect to the search waiver condition (condition No. 6n) the court stated:

_____

[2]    The court ordered defendant to provide a copy of his birth certificate to the probation department within 60 days.

3

"The reason I'm imposing the Fourth (Amendment) Waiver is so that Probation has all the tools it needs to make sure you are compliant with probation. That is to make sure you are at the treatment facility, that you are complying with [the] absolute no contact order of these people. You don't reach out either directly or indirectly to contact them.

"In terms of future criminality and the third prong of *Lent*, I'm looking at a criminal record that dates back to 2004 with over a dozen convictions. Almost each and every time you're on probation for one case when another is committed. And there have been a variety of drug and theft offenses and violations of not cooperating with law enforcement."

Commenting further on defendant's criminal history, the court noted defendant had shown a very distinct pattern comprising nearly eight pages in the probation report showing his violations of the terms and conditions of probation. The court stated that placing a Fourth Amendment waiver on defendant was a way probation could ensure he was not directly or indirectly contacting or trying to locate victims in his cases, or violating any of three stay-away locations—the downtown clothing store in the instant case, as well as a Vons market and Goodwill location on Park Boulevard. The court said, "Based on your past record, I want Probation to have all the tools so that it can help you be compliant . . . ."

Given his use of multiple names and birth dates, his history of willingness to violate probation orders, as well as the resulting difficulty tracking defendant to assure he was not continuing to violate court orders, we conclude that requiring his communication systems and technology used to contact others to be open for examination is not unreasonable. We conclude that the trial court did not abuse its discretion in imposing the electronic search condition. (*Carbajal, supra,* 10 Cal.4th at p. 1120.)

4

Defendant also contends that the electronic search condition is unconstitutionally overbroad.  The court tailored the condition to exclude searches of medical and legal information, financial accounts or transactions, and any data created before defendant accepted the grant of probation.  The condition is not overbroad as tailored.  (See *People v. Patton* (2019) 41 Cal.App.5th 934, 946; *In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.